THE COVENANT MUTUAL BENEFIT ASSOCIATION OF ILLINOIS

v.

MARGARET SPIES et al.

*Filed at Mt. Vernon September 25, 1885.*

114  463
26a  232
114  463
54a   77
58a  379
114  463
75a   88
114   463
105a ²474
114   463
204  ³530
106a ¹426

1. LIFE INSURANCE—*mutual benefit association—tender of annual and special assessments—notice.* The certificate of membership in a mutual benefit association required the holder to pay an annual assessment of three dollars on or before a certain day in each year, and in and by which the member agreed to pay, on the death of every member, an assessment, never to exceed one dollar and twenty cents, and provided further, that if the said annual and special assessments, etc., should not be received by the association within thirty days from date of the notice, the certificate should be null and void: *Held,* in the absence of a notice, no tender of the amount of such assessments was necessary in order to prevent a forfeiture of membership. Under such certificate, the holder of the certificate would be entitled to notice of the annual assessment before he could be in default for its non-payment.

2. SAME—*proof of death before suit brought—waiver in respect thereto.* In a suit upon a certificate of membership providing for the payment of a given sum to the widow and heirs of the member upon his death, the association issuing the same may waive proof of the death before suit brought.

3. So where a by-law of a mutual benefit association provided that upon receipt of notice of the death of a member the secretary should immediately forward to the representatives of the deceased the proper blanks, and full instructions how to make proofs of death, and the association, upon notice of the death of a member, with a request to send the blanks and instructions as to the required proof, failed to send the same, on the claim that the deceased had forfeited his rights and his certificate had been cancelled, and refused payment of the sum named therein on that ground alone, it was *held,* that this was a waiver of the preliminary proof of death.

4. SAME—*by-laws of the association, as entering into the contract of insurance.* The by-laws of an association for mutual benefit, in the nature of life insurance, are binding upon it and all its members, and its contract for the payment of money to the widow and heirs of a deceased member is to be considered and construed with reference to its powers and duties as fixed by its charter, and by-laws pursuant thereto; and such widow and heirs have the right to rely on the performance of such by-laws.

5. EVIDENCE—*when its admission no error.* There is no error in permitting a party to prove a fact not disputed, or to prove the same fact twice, where it works the other party no injury.

Appeal from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. George W. Wall, Judge, presiding.

Messrs. McKenzie & Calkins, for the appellant:

No one can recover under a contract by which he is required to do any act, until he has performed or offered to perform. *Schwartz* v. *Saunders,* 46 Ill. 18; *Dehler* v. *Held,* 50 id. 491; *Taylor* v. *Beek,* 13 id. 376; *Baird* v. *Evans,* 20 id. 29; *Lyon* v. *Culbertson,* 83 id. 33; Moore on Civil Justice, sec. 244.

A covenant or promise is dependent upon all those covenants or promises to be performed in point of time. *Dunne* v. *Moore,* 16 Ill. 152; *Davis* v. *Wiley,* 3 S. C. 234; *Hoy* v. *Hoy,* 44 Ill. 469.

Demand is unnecessary when the party owing the debt or duty has means of knowing when it becomes due, as well as the opposite party. *Morford* v. *Mastin,* 6 T. B. Mon. 609.

The annual dues for expenses were by contract—not by notice. No notice is necessary to be given to defendant of the happening of a contingency, if by the contract he has provided himself with the means of ascertaining the fact. *Kies* v. *Powell,* 2 A. K. Marsh. 254; *McKee* v. *Beall,* 3 Litt. 190.

The court erred in admitting the by-laws in evidence. The by-laws are not referred to either in the application or certificate. In order to have them taken and considered as part of the contract, they must be referred to, and by terms made a part thereof,—and this is the rule even though they be printed upon the back of the policy. *Philbrook* v. *Fire Ins. Co.* 37 Me. 137; *Marshall* v. *Fire Ins. Co.* 27 N. H. 157; *Mutual Benefit Association* v. *Miller,* 39 Ind. 475; *Life Ins. Co.* v. *Robertson,* 59 Ill. 126.

It was incompetent because it had nothing to do with the contract.

Mr. WILLIAM C. KUEFFNER, for the appellees:

A member of a mutual society can not be expelled except upon charges, and notice, so as to have an opportunity to be heard. *Commonwealth* v. *Benefit Association,* 24 How. Pr. 221 ; *People* v. *Benefit Society,* 6 Thomp. & Cook, 88 ; *Palferd* v. *Fire Department,* 31 Mich. 461 ; *Fritz* v. *Muck,* 62 How. Pr. 74 ; *Wocd* v. *Wood,* Exch. L. R. 198 ; *Blissett* v. *Daniel,* 10 How. 538.

A tender is waived by acts or declarations of a party showing it would not be received, or by denying liability. *Mattocks* v. *Young,* 66 Me. 459 ; *Hanna* v. *Ratikin,* 43 Ill. 464 ; *Wyncoop* v. *Cowing,* 21 id. 588.

The conduct of appellant was a waiver of proof of death. Refusal to pay was placed on other grounds. May on Insurance, sec. 469 ; Bliss on Life Insurance, sec. 267.

When a party takes out a policy in a mutual life insurance company, he is bound by its rules. *Life Ins. Co.* v. *Foote,* 79 Ill. 362.

Proof of loss must be made in accordance with the by-laws. *Woodfin* v. *Asheville Co.* 6 Jones, (N. C.) 558.

The by-laws of a company are binding upon its members and officers. *Wash* v. *Johnson,* 95 Ill. 248 ; Angell & Ames on Corp. 359.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, brought in the circuit court of St. Clair county, by the widow and children of Charles Spies, deceased, on a certificate of membership in the Covenant Mutual Benefit Association of Illinois, whereby that association promised to pay them $5000 upon the death of Charles Spies, subject to certain stipulated conditions. The defence interposed upon the trial in the circuit court was, that the certificate of membership was cancelled by the association on the 5th day of December, 1882, because of the violation by the said Charles

of a clause therein, whereby it was provided that if he should, at any time after the certificate was issued, use alcoholic stimulants so as to seriously impair his health, the certificate should become null and void. The jury found the issues for the plaintiffs, and assessed their damages at the amount named in the certificate. The court, after overruling a motion for a new trial, rendered judgment upon the verdict, and that judgment was affirmed, on appeal, by the Appellate Court for the Fourth District.

The principal controversy in the circuit and Appellate courts was on the question of fact, and that being finally settled against appellant, there are left for our determination but three questions, neither of which is of difficult solution, nor demands extended discussion.

*First*—It is contended that the court erred in refusing to give the ninth instruction asked by the defendants, which was as follows:

"You are further instructed, that if you shall be satisfied, from the evidence, that the contract sued on required the annual payment of three dollars, membership fee, on or before September of each year, and that Charles Spies knew of the requirement, then, if the jury shall believe, from a preponderance of the evidence, that Spies did not pay the membership fee for 1883, and made no tender of the money to defendant, or, having made tender of it, failed to keep the tender good by bringing the money into court, then the want of such payment or tender would not continue him a member of the defendant's association."

The certificate of membership contains a clause, marked "1," requiring the payment of an annual assessment of three dollars on or before the first day of September, and whereby the assured "further agrees to pay, on the death of every member of this association, an assessment, never to exceed one dollar and twenty cents," etc. And the next clause in the

certificate, which is numbered 2, is as follows: "The holder of this certificate further agrees, that if the said annual or special assessments and collection of costs are not received by the association within thirty days from date of notice, then this certificate of membership shall be null and void, and of no effect." Very clearly, the effect of this was to entitle the holder of the certificate to notice of the annual assessment before a default would occur for its non-payment. It was competent for the contracting parties to fix their own terms in this respect, and, having fixed them, they must abide by them. Thirty days after the date of the notice, but not until then, the parties have contracted, if the money is not paid, the certificate shall be void. There was, therefore, no obligation to make a tender, in the absence of a notice, for the purpose of preventing a forfeiture, and the instruction was properly refused.

Counsel for appellant, in their argument, concede that the non-payment of the three dollars did not render the certificate void, but they insist that the payment is a condition precedent, which Spies or his legal representatives, or those claiming rights under his contract, were bound to perform or to offer to perform before he or they could ask performance upon the part of the appellant. This is a concession that the court properly refused the ninth instruction as asked. The proposition contended for was not ruled upon by the court, and it is for that reason impossible that any error can be assigned in regard to it. It is not before us, and we do not express any opinion upon it. Evidence in regard to a tender of this three dollars was before the jury, and no specific erroneous ruling of law in that respect being pointed out, we can not presume error.

*Second*—An objection is urged that the circuit court erred in permitting appellees' counsel to call appellant's secretary to the witness stand on two different occasions, and to be interrogated as to whether he had specially sent Spies notice

of his annual dues.   Inasmuch as it is not pretended that such notice was sent, and that we hold, in the absence of such notice, the certificate could not be annulled for the non-payment of the amount, it is evident appellant was not prejudiced by this ruling.   Proving the same thing twice, when the first proof is complete and distinctly understood, is a useless waste of time; but it is not perceived, nor satisfactorily shown, how such useless proof could improperly affect some other question.

*Third*—The only other objection raising a question of law is, that the court erred in admitting in evidence a by-law of appellant, as follows :   "Upon receipt of notice of the death of a member of the association, the secretary shall immediately forward to the representatives of the deceased the proper blanks; and full instructions how to make proofs of death."   The objection assumes that the question of the death of Spies was contested, and the *onus* of proof on appellees. Primarily, the burden is, undoubtedly, on the plaintiffs, in such cases, to prove the death; but that proof may be waived. The record here shows that appellant was notified of the death of Spies, and requested to send instructions as to the proof required of that fact, and that appellant thereupon, instead of sending the requested instructions, set up the claim that Spies was not a member of the association at the time of his death, and that the certificate had been cancelled,—and this claim has ever since been consistently adhered to throughout the litigation.   This was a waiver of the proof of death. *Grattan* v. *Metropolitan Life Ins. Co.* 80 N. Y. 281 ; May on Insurance, sec. 469.

We incline to the opinion that the evidence, if proof of that which it was introduced to establish had not been waived, was admissible.   Spies was a member of the association. The by-laws were binding upon the association and all its members, and the contract was made with reference to the powers and duties of the association, as fixed by its charter,

and its by-laws pursuant thereto.    The widow and children of Spies had a right to assume and rely on the performance of the by-law.    See *Protection Life Ins. Co.* v. *Foote*, 79 Ill. 362; *Woodfin* v. *Asheville, etc. Co.* 6 Jones, (N. C.) 558.

Perceiving no error of law in the rulings below, the judgment must be affirmed.

*Judgment affirmed.*