## Supreme Lodge Order of Mutual Protection v. Mathilda Meister.

1.  INSURANCE—*A Contract of Indemnity.*—The predominant intention of the parties in a contract of insurance is indemnity, and this intention is to be kept in view in putting a construction upon a policy and by-laws.

2.  SAME—*Contract to be Liberally Construed.*—A contract of insurance is always to be liberally construed in favor of the insured, so as not to defeat without a plain necessity the claim to indemnity.

3.  SAME—*When Formal Proofs of Death Are Unnecessary.*— Formal proofs of death are not necessary where the company has disclaimed all liability and places its refusal to pay on grounds with which the failure to furnish proofs has no connection.

4.  SAME—*Where the Subordinate Lodge is the Agent of the Supreme Lodge.*—Where a member is distinctly required to pay an assessment to the financial secretary of his lodge, and there is no other method of payment, the financial secretary of the subordinate lodge must be conceded to be the agent of the supreme lodge to receive and forward such payment.

5.  SAME—*Construction of Laws of the Order.*—The construction must be put upon the laws of the order, taken as a whole, which is most favorable to the insured and most protects the beneficiaries under certificates issued by the order.

6.  SAME—*Society Having Money in Its Possession Belonging to a Member, and the Power to Apply It, Must Pay Out of Such Money Assessments Due from such Member.*—A society which has money in its possession belonging to a member, and the power to apply it, must pay out of such money, assessments due from such member, to save a forfeiture of the contract; and it is not necessary in such a case that the member shall authorize the society to so appropriate the money. It is against the policy of the law to permit a society to forfeit a contract for non-payment of an assessment when it has in its possession the money of a member to an amount covering the assessment, and has the power to apply the money as a payment.

Assumpsit, on a policy of life insurance. Appeal from the Circuit Court of Cook County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 16, 1903.

This was an action of assumpsit brought to recover the amount of an insurance policy issued upon the life of Nicholas Meister.

472 APPELLATE COURTS OF ILLINOIS.

VOL. 105.] Sup. Lodge Order of Mutual Protection v. Meister.

Nicholas Meister came to his death June 14, 1894, by suicide. The cause of his death is not urged as a defense to the action; that insisted upon as a reason why appellee is not entitled to recover upon the policy is that Meister was not in good standing at the time of his death, because he had failed to pay certain assessments made upon him, and because of such failure had been, in accordance with the policy and by-laws of the lodge, *ipso facto* suspended.

It is conceded that if payment of assessments had not been made, by the fact of non-payment a suspension took place, and no recovery can be had in this action. It is insisted by the defendant that there was a failure to make formal proofs of death, to which the plaintiff replies that such formal proof was waived by the denial of liability by the lodge. The case has been twice tried; from the judgment first obtained by the plaintiff an appeal was taken to this court, the judgment being reversed because of the insufficiency of the declaration. Thereafter an amended declaration was filed, another trial had, from the judgment obtained by the plaintiff in which, the appeal now under consideration was taken.

CRATTY, JARVIS & LATIMER, attorneys for appellant.

GOLDZIER, RODGERS & FROEHLICH, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Upon the trial of the cause it appeared that Nicholas Meister, about a year before his death, was quite ill and financially embarrassed, so much so that he received from the subordinate lodge of which he was a member, sick benefits on one or two occasions, and he was once suspended from membership in the order by reason of his failure to pay assessments. Thereafter the subordinate lodge resolved to, and did, advance to the Supreme Lodge the assessments for non-payment of which he had been suspended, and in accordance with the rules and regulations of the order he was reinstated, and again became in good standing.

Thereafter, in December, 1893, he paid to the financial secretary of the lodge $21.50; as to the exact sum which he was then owing the subordinate lodge there is dispute.

Appellant contends that he was then indebted to the lodge in the sum of $21.50, $17 of the same being for assessments from May, 1893, to December, 1893, inclusive, and the balance, $4.50, as lodge dues owing by him to the subordinate lodge.

Appellee contends that he was then owing the lodge but $15 for assessments by it advanced for him and either $1.50 or $3 for lodge dues.   The principal contention in this case is whether Nicholas Meister, in making the payment of $21.50, made it in payment of amounts due for assessments as he then supposed already called by the Supreme Lodge, or whether he made a payment of $21.50, $17 being for assessments already made by the Supreme Lodge and $4.50 for lodge dues.   If the $21.50 was paid by Nicholas Meister entirely on account of assessments, he paid into the subordinate lodge enough to have satisfied all assessments against him up to the time of his death.   After making the payment of $21.50 in December, 1893, he became satisfied that he had made an over-payment of assessments, and upon being called upon to pay the assessments thereafter made, he and Mrs. Meister informed the financial secretary of the subordinate lodge that he had made an over-payment of $5, and that such secretary had in his hands funds with which to pay the assessment then demanded from him, Nicholas Meister.   He did not make any payment after paying the $21.50 in December, 1893.

May 1, 1894, an assessment of $2 was made upon Nicholas Meister, and it was in respect to this assessment that he and Mrs. Meister insisted to the financial secretary of the subordinate lodge that he had in his hands funds with which to pay such assessment.

Appellant contends that even if there was in December, 1893, paid by Nicholas Meister to the financial secretary of his lodge $4.50 for assessments which had not then been called, such payment was one not valid as against the Su-

474    Appellate Courts of Illinois.

Vol. 105.] Sup. Lodge Order of Mutual Protection v. Meister.

preme Lodge; that under the constitution and by-laws of the order there can be no advance payment to a subordinate lodge; or in other words, there can be no deposit made with the financial secretary of a subordinate lodge for the purpose of payment by him to the Supreme Lodge of assessments that may thereafter be called. An instruction to this effect was asked which the court refused to give. We do not agree with the contention of appellant in this regard. In an organization of this kind, in which the failure to pay an assessment of itself suspended a member, and that although he had not actually received notice of such assessment, we see no reason why, as a matter of prudence, one by his business or his health required to be absent for some time from his home, or any member, might not make with the financial secretary of his lodge a deposit to be used in payment of assessments thereafter called.

We find in the constitution and by-laws of this order no provision forbidding such deposit or prepayment. In reference to all organizations of this kind, as well as all contracts of insurance, it is to be borne in mind that the predominant intention of the parties in a contract of insurance is indemnity, and this intention is to be kept in view in putting a construction upon policy and by-laws. A contract of insurance is always to be liberally construed in favor of the assured, so as not to defeat without a plain necessity the claim to indemnity. 1 Phillips on Insurance, Section 124; Healey v. Mut. Accident Ass'n, 133 Ill. 556; Terwilliger v. Masonic Accident Ass'n, 197 Ill. 9; Healey v. Mutual Accident Ass'n, 133 Ill. 556–561.

Nor do we think formal proofs of death were necessary, appellant having disclaimed all liability and placing its refusal to pay on grounds with which the failure to furnish proofs of death had no connection. Bacon on Benefit Societies, Sec. 436, 413; Covenant Mutual Benefit Ass'n v. Spies, 114 Ill. 463–468.

If the $4.50 or a greater sum paid by Nicholas Meister in December, 1893, in excess of assessments then due from him was paid by him on account of lodge dues which he was

then owing, he could not thereafter require such sum to be paid out by the subordinate to the Supreme Lodge in satisfaction of assessments thereafter called.

The ultimate question of fact submitted to the jury in this regard was, did he pay such excess, having the intention expressed or to be presumed from his conduct and the circumstances of the transaction, in satisfaction of lodge dues, or did he pay such sum mistakenly believing that the entire $21.50 was required for the payment of assessments he was then owing; if the latter, the lodge could not appropriate money by him paid for one purpose to another, and if so, that is, if he paid the entire $21.50 for assessments, then whatever overplus was paid by him remained in the hands of the financial secretary of his lodge, to be used, if he so demanded, in payment of assessments thereafter called. That when asked to pay the assessment of May, 1894, he did insist that the financial secretary had in his hands money belonging to him which should be used in payment of such assessment, there was evidence strongly tending to show.

We do not think that counsel for appellee upon the trial in the court below admitted that $4.50 or any other sum was in December, 1893, paid by Nicholas Meister on account of lodge dues, or that the lodge book so shows. There is, as appellant contends, marked distinction between payments made on account of assessments and payments made for lodge dues, and we do not desire to be understood as holding that surplus funds in the hands of the financial secretary of the subordinate lodge paid in for lodge dues can be used by the subordinate lodge in satisfaction of assessments, without the request of the member, although there are authorities that this must be done.

In the present case, that Nicholas Meister did contend that he had money in the hands of the financial secretary paid in for assessments, and did authorize the secretary to apply the same in satisfaction of assessments, there was evidence tending to show. Appellant contends that the subordinate lodge and the Supreme Lodge are different

476    APPELLATE COURTS OF ILLINOIS.

VOL. 105.] Sup. Lodge Order of Mutual Protection v. Meister.

parties. This to a degree is the case, in other words, the subordinate lodge has no reason for its existence, save for its connection with and dependence upon the Supreme Lodge.

Appellant contends further that neither a subordinate lodge nor any of its officers were or could be, under the constitution and by-laws of the order, agents of the Supreme Lodge, and in this connection calls our attention to section 156 of the by-laws. It being as follows:

" Section 156. Subordinate lodges, and the officers thereof, in all matters pertaining to the making out of applications for membership, the admission of members, the collection and transmission of assessment moneys, or the transaction of any business in connection with the Widows' and Orphans' Protection Fund, are and shall be the agents of the members and not of the Supreme Lodge, and they shall have no authority whatever to disregard any of the laws of the order governing any department of W. O. P. fund.

" Nor shall the Supreme Lodge be liable for the negligence of subordinate lodges or their officers or any of them in any of these matters relating to the admission of members and the W. O. P. fund, nor shall the Supreme Lodge be bound by any irregular or illegal acts on the part of a subordinate lodge or its officers or any of them."

Section 149 of the laws of the Supreme Lodge provides that each beneficiary member of the order to whom a benefit certificate has been issued " shall pay to the Widows' and Orphans' Protection Fund, so often as required by the supreme secretary's notice, assessments according to his age, as determined by the table."

Section 155 provides that each member shall pay into the hands of the financial secretary, that is, the financial secretary of his subordinate lodge, the full amount of his assessment, " or failing to do so shall stand suspended from all rights and privileges in the order without any further act or proceeding on the part of any lodge or officer of the order."

Our attention has not been called to and we are told that there is not in the constitution, by-laws, rules or reg-

ulations of the order any provision by which a member can pay his assessment directly to the Supreme Lodge or any of the officers thereof. A member is distinctly required to pay such assessment to the financial secretary of his lodge; under such requirement, with the plain provision providing the penalty of suspension in case he fails to so pay, and the failure to provide any other method of payment, we think the financial secretary of a subordinate lodge must be conceded to be the agent of the Supreme Lodge to receive and forward such payments. Sections 155 and 156 of the laws of the order appear to be somewhat inconsistent.

We are of the opinion that under well settled rules, the construction must be put upon the laws of the order, taken as a whole, which is most favorable to the assured and most protects the beneficiaries under certificates issued by the order. Appellant asked to have the jury instructed that if a part of the $21.50 paid by Nicholas Meister was for assessments advanced by the subordinate lodge, then the subordinate lodge would have the right to retain out of said sum the amount paid to it on account of such advance. It was unnecessary to give such instruction. The statement contained in it was not disputed upon the trial and is not here. The contention there and here is as to the effect of the amount paid in excess of assessments advanced by the subordinate lodge.

Appellant also asked to have the jury instructed that if Nicholas Meister was, when he paid the $21.50, indebted to the lodge for assessments advanced, and that such indebtedness with the amount of assessments in arrears, together with the dues then paid by Meister, amounted to $21.50, then the jury should find that there was no over-payment by Meister when he paid said $21.50. The instructions assumed a vital question in dispute, viz., whether Meister did then pay lodge dues.

Appellant also asked that the jury should be instructed that if Nicholas Meister, after he was reinstated, paid more to the subordinate lodge than was due it, such fact alone would not relieve him from paying the May assessment call. It was not contended in the trial court, nor is it here, that

478    APPELLATE COURTS OF ILLINOIS.

VOL. 105.] Sup. Lodge Order of Mutual Protection v. Meister.

if Nicholas Meister, when he paid the $21.50, paid only one cent or one dollar more than was due the subordinate lodge, such payment either then constituted a payment of the May call, or then or thereafter was a payment of the two dollars assessment called in May, 1894.

Counsel for appellant say this instruction was offered on the theory that an over-payment by mistake by Meister of an indebtedness to the subordinate lodge, could not be applied except by his express direction, to the payment of assessments. Appellee does not contend that it could, but appellee did and does contend that Nicholas Meister did expressly direct that the over-payment he claimed to have made should be applied in payment of the May assessment. The court refused to give the following instruction asked by appellant:

" The court instructs you that although you may believe from the evidence that Nicholas Meister in his lifetime during the year 1893 paid the financial secretary as dues a greater sum than was due the lodge, that would not entitle him to have such over-payments credited on the assessment No. 168 and 169, called for the month of May, 1894."

It was not in the court below, nor is it here, contended by appellant that the payment of $21.50 was made entirely "as dues." There was then due the lodge from Nicholas Meister from fifteen to seventeen dollars, which it had advanced for him in payment of assessments; for such advances he was then indebted to it, and in common parlance such indebtedness might be properly spoken of as dues. He was also indebted to it either $1.50 or $3 for that known as lodge dues, being sums accruing at intervals from the mere fact of membership. He could not then have paid the lodge as dues a greater sum than was due to it, except by mistake, or as an advance to be applied for his use in the future.

If he made, in 1893, such over-payment to the lodge that in May, 1894, the lodge was owing him a sufficient sum to pay the May assessment, he had a right to insist that the lodge should apply to the extent of such over-payment the credit he had with it to the satisfaction of such assessment.

The twelfth instruction asked by appellant was in accordance with its theory that a member can not make a prepayment of assessments so as to bind the Supreme Lodge; nor make a deposit with the financial secretary of his lodge to be used in payment of assessments that may thereafter be called; concerning which theory we have already expressed our opinion.

Appellant complains of the introduction of certain affidavits to which it objects. Among other things, a circular approved by the supreme and subordinate lodge, in which it was stated that appellee, Mathilda Meister, would receive nothing on account of the insurance policy carried by her husband. We think this was properly admitted, as showing the attitude taken by appellant; and thus an excuse for the failure to make formal proofs of death. We think the court properly refused to admit evidence showing that Nicholas Meister endeavored to borrow money with which to pay the May assessment. Having no receipt specifically for the May assessment, and payment of it not being conceded by the financial secretary of his lodge, that he should have thought it best to obtain and pay so small a sum as two dollars, rather than to have a dispute, was immaterial.

In Niblack on Benefit Societies, Section 271, it is said:

"It has been held that a society which has money in its possession belonging to a member, and the power to apply it, must pay out of such money an assessment due from the member to save a forfeiture of the contract; and it is not necessary in such a case that the member shall authorize the society to so appropriate the money. It is against the policy of the law to permit a society to forfeit a contract for non-payment of an assessment when it has in its possession the money of a member to an amount covering the assessment, and has the power to apply the money as a payment."

To the same effect is Girard Life Insurance Company v. Mutual Life Insurance Company, 97 Pa. St. 15; see also, Covenant Mutual Benefit Association v. Baldwin, 49 Ill. App. 203.

We do not regard the case of Hansen v. Supreme Lodge, 140 Ill. 301, or any of the other Illinois cases to which our

attention has been called by appellant, as inconsistent with the conclusion at which we have arrived in this case.

After the verdict had been rendered, appellant filed several affidavits setting forth the conduct of appellee and her daughter in the presence of the jury during the closing argument on her behalf. As set forth in these affidavits, the scene was one which ought not to have been permitted and very likely would not have been had counsel for appellant then and there objected thereto and asked the court to take action in regard to it. This they failed to do and we can not set aside this judgment and overturn the verdict of the jury, because of something concerning which the court was not called to take action, and of which, so far as appears, the trial judge, absorbed as he must have been in the consideration of the great number of instructions asked by appellant, was perhaps entirely oblivious.

Appellant did in two instances, during the closing argument of counsel for appellee, object to that being said. One of these objections was directly sustained by the court and the other in effect was.

As has been said, this cause is now here for the second time. The judgment of this court upon the former appeal was, as appears by the opinion in 78 Ill. App. 649, placed upon the insufficiency of the declaration. So far as appears, substantially the documentary evidence presented to this court upon the former appeal is like that now under consideration. If this court had been, upon the previous hearing, of the opinion that there was no evidence warranting the jury in finding that the assessment of May, 1894, had been paid, this court would probably have so said.

We feel that we ought not to reverse the action of the court below as to anything presented in the present record which was before this court upon the former appeal and to which this court then gave attentive consideration, arriving at the final conclusion manifested by its judgment. We find in the record here presented no error warranting a reversal of the judgment of the Circuit Court. It is therefore affirmed.