THE SUPREME LODGE ORDER OF MUTUAL PROTECTION

*v.*

MATHILDA MEISTER.

*Opinion filed October 26, 1903.*

1. BENEFIT SOCIETIES—*when furnishing proof of death is waived.* A benefit society, by sending out a circular letter to subordinate lodges denying liability on a certain benefit certificate upon the ground of non-payment of an assessment, waives its right to insist on failure to furnish proofs of death as ground of forfeiture.

2. SAME—*submitting claim to tribunal specified in by-laws is not compulsory.* The beneficiary named in a benefit certificate is not bound to submit her claim for adjudication to the tribunal provided for in the by-laws before instituting suit in the courts.

3. SAME—*effect where society has funds of member in its hands.* A benefit society which has in its possession and control funds of a deceased member sufficient to pay all overdue assessments up to the time of his death cannot forfeit the benefit certificate for non-payment of such assessments.

*Supreme Lodge Mut. Protection* v. *Meister,* 105 Ill. App. 471, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ALONZO K. VICKERS, Judge, presiding.

CRATTY BROS., JARVIS & LATIMER, for appellant.

GOLDZIER, RODGERS & FROEHLICH, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an action of assumpsit, commenced in the circuit court of Cook county by the appellee, against the appellant, to recover the amount of a benefit certificate issued by the appellant on the 19th day of April, 1889, upon the life of her husband, who died June 14, 1894, she being named as beneficiary therein. A trial was had before the court and a jury, and resulted in a verdict and judgment in favor of the appellee for the sum of $2625, which judgment has been affirmed by the Branch Appellate Court for the First District, and a further appeal has been prosecuted to this court.

At the close of all the evidence the appellant moved the court to peremptorily instruct the jury to find for the defendant, and the action of the court in declining to so instruct the jury has been assigned as error.

It is conceded by the appellant that all assessments upon said benefit certificate made prior to the month of May, 1894, had been paid, but it is contended an assessment for two dollars, payable during the month of May of that year, was not paid, and for that reason the benefit certificate became forfeited on the 31st day of that month, and was not in force at the time of the death of the insured. It appears from the evidence that during the summer of 1893 the assured was in feeble health and financially embarrassed; that one Miller, who was the treasurer of the local lodge of which the assured was a member, advanced for the assured the money with which to pay two or more assessments as they fell due; that afterwards the assured was suspended for non-payment of assessments; that in December of that year he was re-instated in accordance with the by-laws of the appellant, at which time he paid to the financial secretary of the local lodge the sum of $21.50, which was supposed to be the total amount then due for assessments and dues, including the amount advanced by Miller. The

assured thereafter paid the assessments falling due in the months of January, February, March and April, but failed to pay the May assessment and died during the following month, and the main controverted question of fact upon the trial was whether or not, at the time of his re-instatement in December, there was due from the assured for assessments and dues, including the amount advanced by Miller, the sum of $21.50, it being contended⁺ by appellee that the assessment for the month of May, 1893, which was included in said sum of $21.50, had been paid by her husband, or some one else on his behalf, other than Miller, and that the sum of at least two dollars, that being the amount of that assessment, was improperly included in the sum found to be due at the time of said re-instatement, and that said sum remained in the treasury of the local lodge and should have been applied in payment of the assessment for May, 1894, and that all of the assessments due upon said benefit certificate at the time of her husband's death had been paid, and said benefit certificate remained in full force at the time of his death. There is some evidence in the record which fairly tends to sustain the contention of appellee, and the Appellate Court having found upon that question in her favor, this court cannot disturb that finding. The judgment of the Appellate Court upon questions of fact, where there is evidence in the record fairly tending to support its findings, is binding upon this court. (*Birdsell Manf. Co.* v. *Oglevee*, 187 Ill. 149.) The trial court did not err in declining to direct a verdict for the appellant.

It is also urged that the appellee is barred of a right to recover by reason of a failure to file proof of death according to the by-laws of the appellant. The local lodge of which the assured was a member, shortly after his death issued a circular letter, with the approval of the president and secretary of the appellant and under its seal, and mailed the same to its sister lodges, soliciting aid for the appellee and her children, in which the

204—34

inability of appellee to recover upon said benefit certifi-
cate was placed upon the ground that the assured had
failed to pay the May, 1894, assessment. This amounted
to a waiver of the provisions of the appellant's by-laws
requiring proof of death to be made within a specified
time. It is clear the appellant had notice of the death,
and when such notice was received by it and it placed
its want of liability upon the ground of the non-payment
of the May, 1894, assessment, it waived the condition re-
quiring the proof of death. (*Covenant Benefit Ass.* v. *Spies,*
114 Ill. 463; *Knickerbocker Life Ins. Co.* v. *Pendleton,* 112 U. S.
696.) Neither was it compulsory upon the appellee that
she submit her claim for adjudication to the tribunal pro-
vided for in the by-laws of the appellant before she could
resort to the courts by instituting suit upon said benefit
certificate. *People* v. *Order of Foresters,* 162 Ill. 78.

The relation of principal and agent existed between
the local lodge and the appellant, (*Grand Lodge A. O. U. W.*
v. *Lachmann,* 199 Ill. 140,) and the evidence justified the
conclusion that the local lodge, through which the appel-
lant provided its members should pay their assessments,
had in its possession and under its control sufficient funds
belonging to the assured with which to pay all assess-
ments due upon said benefit certificate up to the time of
the death of the assured. The court did not err in hold-
ing said benefit certificate was not forfeited for the non-
payment of said May assessment. In *Girard Life Ins. Co.*
v. *National Life Ins. Co.* 97 Pa. St. 15, the court held that
where an insurance company has in its possession divi-
dends belonging to a policyholder more than sufficient
to pay an assessment, it cannot declare a forfeiture for
non-payment, on the ground that the law does not favor
forfeitures and never enforces them cheerfully, and will
decline to enforce them when they are against equity
and good conscience, and that it is not conscionable for
a company to forfeit a policy when it has in its treasury
more than enough of the assured's money to pay the as-

sessment. And in *Elliott* v. *Grand Lodge*, 2 Kan. App. 430, it was held that where money sufficient to pay an assessment is in the treasury of the subordinate lodge, even though the latter may have made an appropriation of the fund which would show the assured in arrears, no forfeiture can be declared. And Niblack on Benefit Societies (sec. 271) summarizes the law upon the subject, as follows: "It has been held that a society which has money in its possession belonging to a member, and the power to apply it, must pay out of such money an assessment due from the member to save a forfeiture of the contract, and it is not necessary in such a case that the member shall authorize the society to so appropriate the money. It is against the policy of the law to permit a society to forfeit a contract for non-payment of an assessment when it has in its possession the money of a member to an amount covering the assessment and has the power to apply the money as a payment." The assessment for May, 1893, having been paid twice, there remained in the treasury of the local lodge, of the assessment fund, the sum of two dollars at the time the May, 1894, assessment was made, which was the amount of said assessment, and when that assessment was made it was the duty of the appellant to apply said fund to the payment of said assessment, and the benefit certificate could not be forfeited while said local lodge held sufficient funds of the assured belonging to the assessment fund in its treasury to pay said assessment.

Numerous objections are made to the rulings of the court in the admission of evidence and the instructions given to the jury. We have read the briefs with care and examined the authorities therein referred to, and are of the opinion the rulings of the court in the matters complained of were substantially correct, and that there is no reversible error in this record.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*