151 So. 63
### LIBERTY NAT. LIFE INS. CO. v. BROWN.
### 6 Div. 476.

Court of Appeals of Alabama.

Nov. 7, 1933.

Rehearing Denied Nov. 28, 1933.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Howard H. Sullinger, of Bessemer, for appellee.

BRICKEN, Presiding Judge.

This suit originated in the municipal court of Bessemer. From an adverse judgment in said court, the plaintiff (appellee here) appealed to the circuit court, and the case was there tried by a jury who rendered a verdict for plaintiff for the amount sued for, and, from the judgment in the circuit court, this appeal was taken.

The action was on a health and accident insurance policy, and the complaint contained one count, which is as follows: "Plaintiff claims of defendant the sum of One Hundred Dollars ($100.00) due by a policy of insurance issued by the Southern Insurance Company to plaintiff on the 12th day of September, 1927, and which said policy was thereafter taken over and re-insured by the defendant corporation, wherein the defendant insured plaintiff against loss of time from injuries received while said policy was in full force and effect, and agreed therein to pay plaintiff for such loss of time as aforesaid at the rate of Six Dollars ($6.00) per week, and plaintiff avers that on February 18, 1932, he suffered certain injuries, to-wit, a broken leg, from which he has been continuously disabled and as a proximate result of which he has suffered a total loss of time since the date of his said injury as aforesaid, and within the meaning, terms and conditions of said policy of insurance. And plaintiff avers that said policy was in full force and effect on the date of his said injury as aforesaid, and that said policy was and is the property of the plaintiff. And plaintiff further avers that the said amount above noted is now due and owing him from the defendant under the terms and conditions of said policy, and that no part thereof has been paid."

To the foregoing complaint the defendant interposed certain demurrers which were overruled by the court. Issue was then joined upon defendant's plea of general issue in short by consent.

The court properly overruled the demurrers to the complaint. The defense relied on was based upon section 4 of the policy, wherein it is provided: "All premiums must be paid at least one week in advance. Provided, however, this policy shall not lapse for non-payment of premiums until the premiums for four weeks are in arrears. The insured, however, shall not be entitled to sick or accident benefits when premium payments are two weeks or more in arrears," etc.; it being contended by defendant that the premiums on the policy in question were two weeks or more in arrears at the time of the injury and that as a consequence plaintiff was not entitled to recover. The plaintiff insisted that the premiums were not in arrears, and offered testimony tending to sustain this insistence. The case rested upon this question of controverted fact; the burden being upon the plaintiff to reasonably satisfy the jury that the premiums had been paid according to the terms of the policy. The court properly submitted the case to the jury, and in so doing delivered an explicit charge. In addition to the oral charge, the court, at request of defendant, in writing gave charge A, to wit: "The court charges you that the burden is on the plaintiff to reasonably satisfy you by the evidence in the case that the premiums due

on the policy were not two weeks or more in arrears at the time plaintiff was injured, and if you are not so satisfied you cannot find a verdict against the defendant."

The policy of insurance sued on was originally issued by the Southern Insurance Company of Nashville, Tenn., on September 12, 1927, and was thereafter reinsured by the defendant company as appears from the printed statement on the face of the policy introduced in evidence.

There appears to be no controversy as to the fact of plaintiff having been injured on February 18, 1932, and that at the time he was in the employment of the city of Bessemer and was injured while engaged in the performance of his duties, by having his leg broken, which resulted in his total disability and loss of time from his employment, and this extended from the date of his injury up until early in July 1932.

Numerous insistences of error based upon legal propositions are urged upon this appeal. As we regard this case, after an attentive, careful consideration, none of these insistences can avail the appellant. As stated, the case rested upon a question of fact only, and this was properly submitted to the jury.

We discover no reversible error in any ruling of the court complained of. The evidence in our opinion was ample to sustain the verdict of the jury and the judgment rendered thereon.

Affirmed.

SAMFORD, J., not sitting.