## LYON v. METROPOLITAN LIFE INS. CO.
### No. 6742.

Circuit Court of Appeals, Seventh Circuit.

Feb. 2, 1939.

Nathaniel Rubinkam and William S. Allen, both of Chicago, Ill., for appellant.

Emmet J. Cleary, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

EVANS, Circuit Judge.

The first question which defendant presents is one of fact. Plaintiff asserts and defendant denies that the premium due August 16, 1934, was paid. The testimony is sharply and hopelessly in dispute. The jury found for the plaintiff, and the evidence is sufficient to sustain the verdict in this respect.

It is unnecessary and would unduly extend this opinion to recite all the evidence. One witness, a brother of the insured, tes-

tified positively that he took the premium notice to defendant's office in Chicago, presented it, paid the premium, and received a receipt which he took away. The receipt was either lost or misplaced. Evidence disputing this testimony there was, and more or less persuasive, but the refutation was not conclusive. There was left a controverted issue of fact, which was settled by the jury.

The second question may well be treated as one of fact, though largely controlled by the rulings on questions of law.

Defendant argues that plaintiff failed to establish one of the necessary allegations appearing in her original complaint to the effect that she "has performed all of the conditions precedent entitling her to the payment of said policy." Its attack, at one point, is based on alleged variances between pleading and proof. At another point it is on the alleged total failure of proof.

The policy provided for payment "upon receipt of due proof of the death of the assured and upon the surrender of this policy." It is significant that all the proof called for was *"due proof."* It was not specified that proof be in writing.

Plaintiff's position may be stated thus: A brother of the deceased went to the office of defendant shortly after the death of the insured and asked the one in charge for information as to what should be done "about notifying the company of my brother's death." Defendant's representative said he would look after it and advise the witness. Later two representatives of the company came to see this witness, the brother of the insured, and informed him that his brother's insurance was not in force at the time of his death; that the last premium payment due thereon had not been paid. The policy had a cash surrender value provision and the insured had borrowed almost to the limit. However there was a small amount due, and the conversation continued with the witness's asserting that the premium had been paid. Certain blanks were left with the witness.

Shortly thereafter an attorney for the beneficiary wrote defendant to which letter a reply was received, the substance of which is as follows:

"This policy was issued August 16, 1928 and lapsed for the non-payment of premium due August 16, 1934. The sixth year cash surrender value of $270, less loan of $220.60, and interest thereon of $10.95,

left a net equity of $38.45, which, in accordance with the terms of the policy, purchased paid-up insurance in the amount of $104. The August 16, 1934 dividend of $11.70 purchased additional insurance of $30 making the total paid-up value of this policy $134."

Defendant offered no proof to contradict or qualify the aforementioned testimony for the plaintiff. The court did not *submit any question of "performance of conditions precedent"* to the jury.

We agree with the District Court that no jury question was presented. Defendant was informed of the insured's death. Further or corroborating information was not sought or desired because of defendant's repeatedly-stated position that it was not liable because of policy lapse due to failure to pay the last premium which came due some six months previous.

There is another reason for sustaining the court's rulings, viz., defendant's waiver of the due proof requirement by denying liability. In Illinois, as in other states, the denial of liability by an insurance company because the policy lapsed due to default in premium payment excuses the beneficiary from giving proof of loss. The courts hold that the insurer waives the proof requirement by denying all liability. Knickerbocker Life Insurance Co. v. Pendleton, 112 U.S. 696, 5 S.Ct. 314, 28 L. Ed. 866; New York Life Ins. Co. v. Slocomb, 9 Cir., 284 F. 810; Illinois Bankers' Life Ass'n v. Talley, 5 Cir., 68 F.2d 4; Supreme Lodge Order of Mutual Protection v. Meister, 204 Ill. 527, 68 N.E. 454; Covenant Mut. Benefit Ass'n v. Spies, 114 Ill. 463, 2 N.E. 482; Hanon v. Kansas City Life Ins. Co., 269 Ill.App. 135; 14 R.C.L. page 1349.

Defendant argues, however, that the original complaint did not plead waiver but alleged performance of condition precedent requirements.

The court properly granted the plaintiff's motion—made it is true rather late,— that is after the return of the verdict—to amend the complaint. It was a clear case where the fact situation called for a ruling, in furtherance of justice, to the effect that the pleadings should stand amended to conform to the proof. Neither party was surprised or prejudiced by such ruling. Both parties offered all the proof on the issue of proof unaffected by any limiting allegations of the pleadings.

What has been said of the due proof requirement may be said in reference to the contract requirement that the policy be delivered. Defendant's refusal to recognize the policy or its liability thereunder because of its claim that the same had lapsed was ample justification for the insured's holding her policy. Had the defendant indicated a willingness to pay it, no doubt it would have been her duty to offer to surrender the policy. Moreover, the policy called for its surrender only upon the company's payment of its face value.

The judgment is

Affirmed.