MINNIE MERCER SMITH v. PILOT LIFE INSURANCE COMPANY.

(Filed 20 September, 1939.)

1. **Insurance § 30c: Evidence § 37—Held: Proper predicate was laid for admission of secondary evidence relating to receipt for insurance premium.**

Defendant insurer's liability on the policy in suit was dependent upon whether the second installment of the first annual premium had been paid. Plaintiff beneficiary testified that she had searched her home and the effects of herself and her husband, the insured, and a box in which her husband kept his papers at the place where he worked, without finding the receipt for the second installment of the first annual premium, that her husband had showed her the receipt and had put same in his uniform, and that the uniform had been burned at the undertaker's establishment to which her husband's body had been taken after the fatal accident. Plaintiff's testimony was corroborated by testimony of the owner of the undertaking establishment that he had burned the uniform that was on the body of the deceased when it was brought to his place of business. *Held:* Plaintiff's evidence laid proper predicate for admission of secondary evidence as to the contents of the receipt.

Smith *v.* Insurance Co.

**2. Evidence § 37—**

Whether sufficient foundation has been laid for the admission of secondary evidence is for the determination of the court, and if the adverse party desires the court to find the facts relative thereto he must aptly make request therefor, and in the absence of such request he waives his right and the Supreme Court will consider the record evidence in the light most favorable to the party offering the secondary evidence in determining its sufficiency to show that proper predicate had been laid.

**3. Insurance § 30c—Conflicting evidence held to raise issue of fact as to whether premium had been paid.**

Defendant insurer's liability upon the policy in suit depended on whether the second installment of the first annual premium had been paid. Plaintiff laid proper foundation for the admission of secondary evidence, and testified that her husband, the insured, had shown her a premium receipt identical with the receipt for the first installment of the first annual premium, except for the dates, and testified as to the dates on the second receipt, which would have kept the policy in force until after the death of the insured. Defendant insurer introduced evidence that no payment of the second installment of the first annual premium had been made, either to it or its local agent, and that no receipt therefor had been issued by it or its agent. *Held:* The conflicting evidence of payment raises an issue for the determination of the jury, and defendant's motion to nonsuit was properly overruled. C. S., 567.

**4. Insurance § 30c: Evidence § 39—**

The policy in suit provided that premiums were payable at the home office, or to the insurer's local agent in exchange for the insurer's official receipt. *Held:* Testimony of insurer that its local agent was without authority to collect the premiums in question is incompetent as tending to contradict the written terms of the policy contract.

**5. Evidence § 33: Insurance § 30c—**

Defendant insurer's liability depended on whether the second installment of the first annual premium had been paid. *Held:* Testimony of an insured under another policy as to the premium receipts received by him from insurer is properly excluded as being *inter alios.*

**6. Judgments § 33a—**

A judgment as of nonsuit will not bar a subsequent action on the same cause of action unless the evidence in the second action is substantially the same as that in the first, and where the difference in the evidence in the two actions is substantial and material, the denial of the defendant's motion to dismiss the second action on the ground that the prior judgment constituted a bar is properly denied.

Appeal by defendant from *Carr, J.,* at January Term, 1939, of Pasquotank. No error.

*McMullan & McMullan for plaintiff, appellee.*

*J. Kenyon Wilson and Smith, Wharton & Hudgins for defendant, appellant.*

Smith *v.* Insurance Co.

Schenck, J. This is an action on an insurance policy for the sum of $2,500, issued by the defendant upon the life of Levy Hinton Miller, now deceased, in which the plaintiff, his wife, was the beneficiary, wherein the jury rendered the following verdict:

"1. Was the policy of insurance, No. 157810, issued by the defendant on life of Levy Hinton Miller, in force and effect at the time of said Levy Hinton Miller's death, as alleged in the complaint? Answer: 'Yes.'

"2. What amount, if any, is plaintiff entitled to recover of the defendant? Answer: '$2,500.'"

From judgment predicated upon the verdict the defendant appealed, assigning errors.

The premiums on the policy were computed on an annual basis, but by a rider attached thereto it was provided that "Each annual premium may be paid in twelve (12) monthly installments of $4.94 each, due on the 5th day of each month, beginning with the date of this policy." The policy was dated 5 December, 1935, and the first installment on the first annual premium was duly paid.

The second installment on the first annual premium was due on 5 January, 1936. The rider attached to the policy likewise provided that "non-payment of any installment when due, or within one month (not less than thirty-one days) thereafter, automatically voids this policy . . ." If the second installment on the first annual premium was paid on 5 January, 1936, or within thirty-one days thereafter, the policy was retained in effect until 5 February, 1936, and thirty-one days thereafter, or into the month of March, 1936. The insured was killed on 28 February, 1936.

The plaintiff alleges and contends that the second installment on the first annual premium was paid within the time provided by the policy. The defendant denies that such second installment was ever paid.

The plaintiff relied principally upon her own testimony to the effect that after 5 January, 1936, her husband, the insured, showed to her a receipt from the defendant for the second installment on the first annual premium, and that this receipt was similar to the receipt for the first installment on the first annual premium (which was introduced in evidence) except the date thereon was 5 January, 1936, instead of 5 December, 1935—that the two receipts were signed by the same parties.

The defendant objected to this testimony upon the ground that the receipt for the second installment on the first annual premium would be the best evidence of its contents, and that the plaintiff had not laid the proper foundation for the introduction of secondary evidence thereof. This objection is untenable, since the witness, the plaintiff, testified that she had searched the home of the deceased and herself, the clothes of

the deceased and a box in which the deceased kept some papers at the place where he worked, for the receipt without avail, and that she had ascertained that the uniform which the deceased had on at the time of his death, and into the pocket of which she had seen the deceased place the receipt, had been burned or destroyed when the deceased's mangled body was taken to the undertaker's establishment.

*Walker, J.,* in *Avery v. Stewart,* 134 N. C., 287 (290), quotes with approval Wharton on Evidence, secs. 141, 142, as follows: "The production of proof, satisfactory to the court, that it is out of the power of the party to produce the document alleged to be lost, and of its prior existence and genuineness, is a prerequisite condition of the admission of secondary evidence of its contents. The question of such admissibility is for the courts. Loss, like all evidential facts, can be only inferentially proved. . . . It is not necessary, therefore, to prove exhaustively that the paper exists nowhere. It is sufficient if the party offering parol proof shows such diligence as is usual with good business men under the circumstances."

We think that the plaintiff's testimony as to the search which she made for the lost receipt, corroborated as it was by the testimony of the witness Ziegler that he burned or destroyed the uniform which was on the deceased when his mangled body was brought to his undertaking establishment, laid sufficient foundation for the admission of secondary evidence as to the contents thereof. If the defendant desired to have the court find the facts relative to the search made, it had the right to request that such be done, but having failed to insist upon this right it waived it, and must abide the consequences. "If there is sent with the record the evidence of the loss instead of the judge's finding of facts, this Court will consider the evidence in the most favorable light for the appellee, but will of course pass upon the sufficiency of the evidence to show that proper search has been made." *Avery v. Stewart, supra.*

The appellant contends that even if the evidence as to the loss of the receipt for the second installment on the first annual premium and as to its contents be admitted, its demurrer to the evidence under C. S., 567, should have been sustained. This contention is untenable.

The evidence, when taken in the light most favorable to the plaintiffs, tends to show the issuance of the insurance policy on the life of the deceased, payable to the plaintiff on 5 December, 1935, the death of the deceased on 28 February, 1936, the issuance of a receipt for the first installment on the first annual premium on 5 December, 1935, and the issuance of a similar receipt on 5 January, 1936, for the second installment on the first annual premium, which kept the policy in effect until 5 February, 1936, and thirty-one days thereafter, or until after the death of the deceased.

While the defendant introduced evidence to the effect that no payment had been made to it, either at its home office or to its local agent, upon the second installment on the first annual premium, and that no receipt had been issued by it, either at the home office or by its local agent, for the payment of such installment, the credibility of this evidence was challenged by evidence of the plaintiff, and thereby an issue was raised. This issue was properly submitted to the jury. *Ferrell v. Ins. Co.,* 207 N. C., 51.

The testimony of H. C. Beeson, defendant's cashier, to the effect that the local agent White was without authority to collect the second installment on the first annual premium of the policy involved was properly excluded, since to have admitted such testimony would have been to permit the witness to contradict the policy contract of the parties, which provided that "All premiums are payable at the Home Office of the Company, but may be paid on or before the dates due to the company's agent in exchange for the company's official receipt, signed by one of the officers referred to below and countersigned by the agent."

The testimony of Herman H. Meads as to the receipts he received from the defendant for premiums paid by him on a policy of life insurance were properly excluded as being *inter alios.*

The defendant offered before the court, in the absence of the jury, the complaint, the answer, evidence and judgment of nonsuit in a former action by the plaintiff against the defendant and moved the court to find as a fact that the pleadings and evidence in this case were substantially the same as in the former case, and to dismiss the action. This motion was denied and the defendant excepted. This exception is untenable, since there is a substantial addition to the evidence in the former case in the evidence in the present case. In the present case, but not in the former case, the witness Ziegler testified in effect that he burned or destroyed the uniform which the deceased wore at the time he was killed when his mangled body was brought to his undertaking establishment, and the plaintiff testified in the present case but not in the former case that she saw the deceased place the receipt for the second installment on the first annual premium in the pocket of his uniform. It has been uniformly held by this Court that a judgment as of nonsuit will not bar a subsequent action on the same cause of action where the evidence in the second action is not substantially the same as the evidence in the first action. *Hampton v. Spinning Co.,* 198 N. C., 235, and cases there cited; *Swainey v. Tea Co.,* 204 N. C., 713. The difference in the evidence in the two cases here involved was not only substantial but material. The testimony as to the placing of the receipt in the pocket of his uniform by the deceased and as to the burning or destruction of the uniform by the undertaker, if believed, tended strongly to establish the

former existence of such receipt, as well as its destruction, both of which facts were material to the plaintiff's alleged cause of action.

We have examined the exceptions to portions of the charge, but are of the opinion that when the charge is read contextually and as a whole it is free from prejudicial error.

No error.