NATIONAL AID LIFE INSURANCE CO. v. PARKER.

No. 30601. May 26, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 168.*

Gibson & Savage, of Oklahoma City, and Swank & Swank, of Stillwater, for plaintiff in error.

Walter Mathews, of Cushing, for defendant in error.

PER CURIAM. On the 14th day of January, 1941, plaintiff, Ruth Parker, filed her action against the defendant, National Aid Life Insurance Company, seeking to recover $1,000 on an insurance policy by reason of the death of her husband, Marion S. Parker. Following a trial to a jury a judgment was rendered for $500, the face of the policy, plaintiff meanwhile having abandoned her original position that the death was due to an accident which would have justified her original claim for $1,000.

Defendant seeks to reverse the judgment, and the five specifications of error are all, in substance, that there is no competent evidence to sustain the finding of the trial court that the policy was in force on the date that Marion S. Parker died. The facts are all admitted with the exception of one closely contested question. The policy was dated the 2nd day of September, 1936. The insured named therein were plaintiff together with Marion S. Parker and their minor child. It was what is called a whole family policy. The premiums were paid monthly and were in the sum of $2.40. Marion S. Parker died November 25, 1940. All premium payments were made to and including February, 1940, and it is admitted that after March 1, 1940, the defendant received seven monthly premium payments. The defendant claims that these payments were made as follows: March payment April 10, 1940; April payment April 15, 1940; May payment May 28, 1940; June payment June 2, 1940; July payment July 30, 1940; August payment August 20, 1940; September payment September 17, 1940.

No proof of payment for October, 1940, was made. The policy provided that if payment was not made in the grace period (within the calendar month for which the premium was due), the policy was automatically extended for 90 days. It further provided that only one automatic extension could be had in any calendar year. Thus it will be seen that if the testimony of the defendant is believed, the policy was automatically extended April 1, 1940, and could not be extended October 1, 1940, and therefore under defendant's theory the policy was not in force on November 25, 1940, when Marion S. Parker died.

Plaintiff testified that on March 23, 1940, she went to the post office in Chandler, Okla., and mailed a stamped addressed envelope used by the defendant for such purpose containing two one-dollar bills, one quarter, one dime, and one nickel. This money was sent in payment of the March, 1940, premium. The by-laws provided for such procedure and specified what evidenced such mailing.

As we view the matter, whether the plaintiff mailed the March payment as testified by her and whether the same reached the defendant's place of business is a question of fact. In Keeling v. Travelers Ins. Co., 180 Okla. 99, 67 P. 2d 944, in a situation quite similar to that in the case at bar, it is stated:

"When a party introduces proof that a letter, duly addressed to a person, is

deposited in the United States mail and has thereon sufficient postage to insure its carriage, a presumption of fact arises that the addressee received the letter, and this presumption is rebuttable; and when the addressee introduces proof he did not receive the letter, a presumption of fact arises that the letter was not mailed, and the issue of whether such letter was mailed is for the jury."

We think this case sufficient to establish the rule that the finding of fact involved is supported by competent evidence reasonably tending to sustain the finding for the plaintiff. In a law action tried to the jury, if there is any competent evidence reasonably tending to support the finding of the jury on conflicting evidence, a judgment based thereon will not be disturbed on review. National Aid Life Ins. Co. v. Morgan, 168 Okla. 226, 32 P. 2d 288. Although there are other specifications of error in the brief, they are in effect all dependent upon the decision of this vital question.

The judgment of the trial court is affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C.J., and ARNOLD, J., absent.