42 So.2d 601

### AMERICAN LIFE INS. CO. v. SCHRIMSCHER.

6 Div. 805.

Court of Appeals of Alabama.

Nov. 1, 1949.

H. V. Salemi and F. R. Ingram, Birmingham, for appellant.

Lipscomb & Brobston and W. E. Brobston, Bessemer, for appellee.

HARWOOD, Judge.

The suit below was on a policy providing for indemnity for loss due to hospital expenses, the plaintiff below being one of the insured covered by said policy.

One of the provisions of said policy provides for indemnity up to $50.00 when any insured is confined to a recognized hospital as a result of pregnancy, provided the policy has been in continuous force for ten months.

There is no question but that the policy was issued on 1 January 1946, and that the plaintiff was confined in a recognized hospital because of pregnancy on 15 May 1947. The defense asserted however was that the policy lapsed for nonpayment of premiums for the months of March, April, May, June, and July, 1946, and was revived as of 1 August 1946, and that it had therefore not been in continuous force for ten months at the time of plaintiff's confinement as aforesaid.

In the trial below the pleading was in short by consent. After hearing the evidence the jury rendered a verdict in favor of the plaintiff, and judgment was duly entered in accordance with the verdict. The defendant's motion for a new trial being overruled, it perfected its appeal to this court.

Appellee has filed a motion to dismiss this appeal, assigning some eight grounds therefor. In our opinion this motion is not well taken, and it is hereby denied.

Only two specifications of error are alleged in appellant's brief, these being "That the judgment rendered by the jury in favor of the plaintiff was erroneous," and "That the trial court erred in overruling the defendant's motion for a new trial." This being a civil case we shall of course limit our review to the matters

raised by the specifications set forth in appellant's brief. Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371, certiorari denied 250 Ala. 89, 33 So.2d 373.

■ Appellant's first specification of error: "That the judgment rendered by the jury in favor of the plaintiff was erroneous" is insufficient to present any question for review. No question as to any ruling by the court is raised thereby, nor is it pointed out wherein the "judgment" of the jury is erroneous. Southern Building & Loan Ass'n v. Weaver, 26 Ala.App. 7, 151 So. 882; Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639; Snellings v. Jones, supra; Jones v. Daniel, Ala.App., 41 So.2d 627.

■ No written charges having been requested in the trial below, the only questions raised by the second specification involve the sufficiency of the evidence to support the verdict and judgment of the court. We will accordingly limit our statement of the evidence only to such evidence as is necessary to a determination of this question, which depends solely on whether the policy had lapsed for nonpayment of premiums during the months of March, April, May, June, and July, 1946.

In this connection Mr. A. N. Schrimscher, Jr., husband of the plaintiff, testified that the premiums on this policy had been paid up to the time his wife was hospitalized; that some of the premiums were paid by check, and some by cash for which he received a receipt. On cross-examination he further testified that the policy had never lapsed "that he knew of," and that he had never received any notice from the defendant company stating that the premium payments were behind.

Mrs. Schrimscher, the plaintiff, testified that she paid the premiums on the policy after her husband sold his business in 1946, the payments being made usually every three months, though she did not remember the amounts of these payments, and that the policy did not lapse during the period she was paying the premiums.

By permission of the court both Mr. Schrimscher and Mrs. Schrimscher were recalled later in the trial for further cross-examination.

During this recall examination Mrs. Schrimscher testified that during the months of March, April, May, June, and July, 1946, her husband was paying the premiums; and that Mr. Brobston, her attorney, had all her receipts, and cancelled checks evidencing the payment of the premiums made by her.

Mr. Schrimscher on recall cross-examination testified that the last cancelled check he had at the trial was one dated 31 July 1946, which was given for the July premium; that he probably had receipts for March, April, May, and June, but had not brought them with him as he had counted back ten months, and had brought receipts for ten months back.

On redirect examination this witness identified a check in amount of $2.50, dated 31 July 1946, and payable to the defendant company. He alleged he gave this check to defendant on 31 July 1946, and that it was for the July 1946 premium, and not for the August 1946 premium, as he had a receipt for the August premium.

The above-mentioned check was received in evidence. On the reverse side appear the words "American Life Insurance Company. For deposit only. To credit of American Insurance Agency" etc., with a notation by the court reporter "Stamps of banks not discernible."

The evidence for the defendant consisted largely of the testimony of Mr. J. L. Crosby, claims auditor for the defendant. Through him a card, identified as a record of the policy sued on, was received in evidence. This card shows that no premiums were received by the defendant company on this policy for the months of March, April, May, June, and July, 1946; and that on 3 August 1946, a premium for August 1946 was paid. In this connection there was also received in evidence through this witness a receipt dated 3 August 1946 evidencing "payment of dues to September 1946," with the word "Revival" written thereon. This receipt was for the $2.50 check dated 31 July 1946, and according to

Mr. Crosby the said check covered the August premim, and not the July premium.

Actually two questions of fact, solely within the province of the jury to resolve, have been determined adversely to the appellant.

First, the disputed question of whether all the premiums have been paid, as contended by the plaintiff, and sought to be established by the testimony of Mr. and Mrs. Schrimscher, and second, whether the check dated 31 July 1946 was for the July 1946 premium, as asserted by Mr. Schrimscher, or whether it was for the August premium as asserted by defendant's witness. If for the July 1946 premium, then the policy under the evidence would have been continuously in effect for ten months.

■ It is perfectly clear that the plaintiff's evidence tended to abundantly establish her prima facie case. North Carolina Mutual Life Ins. Co. v. Jones, 33 Ala. App. 77, 30 So.2d 270; Liberty Nat. Life Ins. Co. v. Brown, 25 Ala.App. 574, 151 So. 63; Lyon v. Metropolitan Life Ins. Co., 7 Cir., 101 F.2d 658; Smith v. Pilot Life Ins. Co., 216 N.C. 152, 4 S.E.2d 321; National Aid Life Ins. Co. v. Parker, 191 Okl. 175, 127 P.2d 168.

■■ If the evidence presented by the plaintiff be believed under the required rule, and by its verdict the jury did so believe, the evidence presented by the plaintiff is substantial in its tendencies to support the verdict. The strength of the verdict is increased by the action of the trial court's refusal to grant the motion for a new trial, where the sufficiency of the evidence was one of the questions considered. The opportunity of the jury and of the experienced trial judge to note the demeanor of the witnesses and pass upon the credibility of their testimony was an advantage not possessed by us. Under the well-recognized rules by which we are governed in questions of the character now before us, we have concluded that we would not be justified in disturbing the conclusions of the trial judge. Cobb v. Malone, 92 Ala. 630, 9 So. 738; United Ben. Life Ins. Co. v. Dopson, 232 Ala. 625, 169 So. 287; Piper v. Halford, 247 Ala. 530, 25 So.2d 264; Commonwealth Life Ins. Co. v. Orr, 26 Ala.App. 496, 162 So. 564. This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.