M'Girk, C. J.,
delivered the opinion of the Couit.
This was an action on the case, on a promissory note, brought by Barton, assignee of E Bates, v. Wilkins, the maker. First plea, non-assumpsit. Second plea, payment to plaintiff, before commencement of the action. Judgment given against defendant, and brought here by appeal. The appellant complains, that the Court below erred in rejecting certain testimony, which he offered to give, to entitle him to a set-off, which testimony substantially is, that the defendant was indebted to the Bank of St. Louis in a large sum, for which he had given his note to the Bank, with a pledge of certain sto'k, and to redeem it from said pledge, having sold said sleek, he gave the note in the declaration mentioned, which was endorsed by E. Bates, the payee, to the Bank; that it was the understanding, at the time of making and endorsing said note, when the same fell due, it was to he redeemed by the payment of interest, and ten per cent, on the. principal, together with a similar note for the balance. That when the note fell due, the defendant tendered that'amount in notes of the St. Louis Bank, together with a similar note for the.balance, which was refused. That the Bank filled up said endorsement to Samuel Hammond, and that Hammond endorsed the same to plaintiff; which facts were known to Hammond, and the plaintiff' respectively, when they received said note; and that defendant still holds said notes of the Bank, and that he offered, on the trial of this cause, to produce said notes, to entitle him to a set-off, for the amount against the plaintiff. This testimony was declared, by tile Court, inadmissible; to which there was an exception: First, it is said this evidence ought to have been received, to show the true character of this transaction. Second, that the notes of the Bank ought to have been received under the plea of payment, inasmuch as the defendant offered to prove he held those bank notes at the time the plaintiff'became endorsee of Hammond. The first inquiry is, ought the evidence to have been received, to establish the first proposition ? The Court is of opinion, the tendency of this testimony is to set up a different contract from that contained in the writing declared on, which, if proved, would only amount to another engagement between the Bank, and the maker of the note, and cannot, by any rules of law, be permitted to control the written contract; if that agreement, offered to be proved, was violated, the whole question of its efficacy would he properly enquired into, on a suit against the Bank, by Wilkins, for a breach thereof.
*54 The note sued on, shows a promise to pay a certain sum, sixty days after date ; the testimony offered, proposes to show that was not true, hut that it was to be paid by ten equal instalments, which, in our opinion, would he an essential and total variation of the contract. The Circuit Court, therefore, committed no error in rejecting the-testimony proposed on that point.
The next inquiry is, did the Circuit Court err in rejecting the testimony proposed to establish a set-off, under the plea of payment? The act of the General Assembly of December 8, 1818, permits the defendant to give evidence of the set-off, under the general issue, provided notice thereof is given at the time of filing the plea, or permits the defendant to plead it in bar; neither of these things have been done here. Then the question is, does the last mentioned act repeal the act of the Legislature of 1st October, 1804 ? which says, where there have been mutual dealings between two' or more, &c., and one shall commence an action against the other, if he (who has been sued) cannot gainsay the deed, &c., sued on, he may plead payment, and give, in evidence, any bill, note, bargain, &c., to establish a set-off. In giving this act a construction, the Courts held, these debts to be set-off, one against the other, must be of equal degree, and to avoid that construction, the act of December 8,1818, was made, but requires the parties either to plead it, or give notice thereof, under the general issue ; then, it says, the set-off may be allowed, though the demands are of a different nature. The act of December 8,1818, contains no repealing clause, and purports to be a supplement to the other, so that there are now three ways of arriving at this benefit of set-off, one by the first act, and two by the last. But the first act says, the defendant may plead payment, and give, in evidence, the matter of set-off, but does not say against whom this payment is to be pleaded; and it docs not appear to have contemplated a case like the present, for it says, where two or more have had mutual dealings together, and one shall sue the other, &c., then the set-off may he used. But we think the privilege is allowable, in cases like this; but then the plea ought to he founded in sincerity; the pica ought to show to whom the payment was made, and not plead payment to one, and prove a set-off against another. We will not now decide the question of notice of set-off under the old statute, but think it very advisable to give it at the time of pleading payment. The old statute says, (after authorizing the plea of payment to he pleaded,) if it shall appear’ that the whole, or part, was paid, or satisfied, then there shall be judgment for the defendant for all, or against him for so much as shall appear to he unpaid. Here, it is evident, the original parties are contemplated, and a plea of payment, then, must be against him; and we are clearly of opinion, that under a plea of payment to the assignee, it is not competent to give, in evidence, an outstanding debt against a remote assignor.
Therefore, let the judgment he affirmed with costs,