## HENRY C. FREEMAN, Respondent, v. FARMERS MUTUAL FIRE & LIGHTNING INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, November 5, 1906.

1. **INSURANCE: Stock: Lightning: Evidence.** Evidence relating to the condition of certain cattle after an electric storm is held sufficient to authorize the jury in finding that the animals had been struck by lightning.

2. ———: ———: ———: ———. Evidence relating to the appearance, actions, and condition of cattle after an electric storm is held properly admitted as the only obtainable evidence under the circumstances.

3. ———: **Mutual Companies: Payment of Dues: Members' Loss: Mutual Obligations.** Where the parties are under contract imposing mutual duties, whereby one of them upon the other's default is privileged to declare a forfeiture, no forfeiture can for such default be enforced where the one seeking the same owes the other a greater sum than he claims has not been paid; and this rule is applied to a mutual insurance company seeking a forfeiture against a member for non-payment of dues when the company owes the member a larger amount for loss sustained by him.

Appeal from Vernon Circuit Court.—*Hon. J. B. Johnson,* Judge.

AFFIRMED.

*M. T. January* for appellant.

(1) The admission of incompetent evidence is reversible error if its rejection might change the result. Holmes v. Farris, 97 Mo. App. 305. (2) A verdict not supported by substantial evidence will be set aside. (3) A right of setoff is not payment. 22 Am. and Eng. Ency. Law (2 Ed.), p. 576; Barton v. Wilkins, 1 Mo. 74. (4) Where a policy provides for a suspension only for failure to make prompt payment of premiums,

this provision is not waived by a custom of receiving delayed payments. Smith v. Woodmen of the World, 179 Mo. 119. (5) The provision in the by-laws for a suspension operates *ipso facto*. Borgraefe v. Knights of Honor, 22 Mo. App. 127.

*A. J. King* and *Scott & Bowker* for respondent.

(1) Before a member can be said to have forfeited his policy for failure to pay an assessment, it must be shown that an assessment has been made in conformity with the constitution and by-laws of the company. Agnew v. A. O. U. W., 17 Mo. App. 252; Baker v. Ins. Co., 16 N. W. 391. (2) Under the terms of appellant's by-laws, in order to suspend or forfeit a policy, it was necessary to declare the same upon the records of the company; there being no such declaration upon such record there can be no forfeiture or suspension. (3) Where an insurance company has money or credits or debts of the insured in its possession, and under its control at the time an assessment is levied, or is due, although there is no express agreement between the company and the insured to apply such money, credit, or debt to the payment of such an assessment, it is the duty of the company to so apply it to such premium or assessment in order to prevent a forfeiture. Mesiter v. Order of Protection, 105 Ill. App. 471, 68 N. E. 454; Baldwin v. Benefit Association, 49 Ill. App. 220; Wallace v. Ins. Co., 93 Ind. 7; Russum v. Ins. Co., 1 Mo. App. 228; Meggarge v. Ins. Co., 38 Leg. Int. 469; Knight v. Chosen Friends, 6 N. Y. Supp. 427; Matlock v. Ins. Co., 180 Pa. St. 360; Welsh v. Supreme Lodge, 57 Pac. 115; Girard v. Ins. Co., 97 Pa. 15. (4) The acceptance of past due premiums frequently by the company, without declaring a suspension amounts to a waiver of prompt payment, although the contract expressly stipulates against such waiver. Wagaman v. Ins. Co., 110 Mo. App. 616.

ELLISON, J.—This action is on a policy of insurance against loss by fire or lightning. The plaintiff's petition was in two counts, the first was for the loss occasioned in the month of July, by lightning killing one calf and injuring another so that it had to be killed, both running at large in a pasture. The second was for loss occasioned by the burning of plaintiff's barn and contents in November. The judgment in the trial court was for the plaintiff on both counts.

Defendant concedes that nearly all of the evidence at the trial on the first count was directed to the question whether the calves were lost from effect of lightning stroke. They were not killed immediately, but after a certain electric storm (the evidence tending to show signs of lightning striking in the pasture) the calves showed symptoms of an extraordinary character. They were evidently seriously affected from some cause, and the evidence certainly had a tendency to show, and authorized the jury to find, that it was the shock resulting from being struck by lightning.

The plaintiff in one part of his testimony stated to counsel that "you asked me to answer a question that no man in this courthouse can answer." It does not appear from the record to what particular question this referred. Nothing had been asked him that might not have been answered by any one observing cattle which lived for a time after being struck. But plaintiff's counsel then asked: "Have you observed cattle that have been struck by lightning?" And the plaintiff answered, "Yes." Defendant's counsel then made objection in the following words; "I am going to object to the question because the witness has already said that nobody could tell." The court permitted the answer to stand. It is probable that something is omitted which would have made the meaning of the foregoing clearer than it now appears in the record. It seems plain enough that any one could answer whether he had ob-

served cattle which has been struck by lightning. But be this as it may, we regard the evidence offered by the plaintiff as to the action of these calves and the symptoms developed as admissible. Indeed, it was the only attainable evidence in this instance where no one observed the bolt of lightning descend upon the animal, and where the animal was not instantly killed.

The count for loss of barn and contents is the subject of a spirited contest between the respective counsel. The defendant claims that its organization being a mutual company of which plaintiff was a member, he stood suspended by reason of non-payment of assessment due in September prior to the burning of the barn in November. The defense concedes the non-payment of the assessment, but seeks to avoid the forfeiture effect thereof by two considerations; first, that defendant could not suspend him for non-payment of an assessment when at the time it owed him for the calves a sum greater than the amount of such assessment; and second, that no such proper assessment was made against plaintiff, under its by-laws, as justified the enforcement of a forfeiture.

The judgment in favor of plaintiff for the loss of the calves determines that defendant did owe plaintiff at the time of the assessment a sum which it is conceded was greater than the assessment. But defendant contends that cross demands between parties cannot be treated as payment without a showing of assent by the party to whom payment is said to have been made. We are cited to authorities as supporting that proposition, among others to Barton v. Wilkins, 1 Mo. 74. That case, we think not applicable. It was an action by an indorsee of a note against the maker and under a plea of payment to such indorsee it was not competent to prove an outstanding debt against a remote assignor. The case was decided upon statutes of the time of the decision and has no reference to a case like the present be-

tween original parties. Nor do we consider authorities supporting defendant's general proposition as applicable to the case before us.

On the other hand there seems to be established upon good reason, a rule which certainly commends itself on the ground of justice. It may be stated to be, that where two parties are under a contract with each other imposing mutual duties and whereby one of them upon default of a payment by the other is privileged to declare a forfeiture against such other, no forfeiture for such non-payment can be declared or enforced while the one seeking to enforce the forfeiture owes the other a greater sum than he claims has not been paid. Thus, it is stated by Niblack on Insurance, sec. 271, "That a society which has money in its possession belonging to a member, and the power to so apply it, must pay out of such money an assessment due from the member, to save a forfeiture of the contract; and it is not necessary in such a case that the member shall authorize the society to so appropriate the money. It is inequitable and against the policy of the law to permit a society to forfeit a contract of insurance for non-payment of an assessment, when it has in its possession the money of the member to an amount covering the assessment, and has the power to apply the money as a payment." That statement of the law is approved in Supreme Lodge v. Meister, 204 Ill. 527; Girard Ins. Co. v. Ins. Co., 97 Pa. St. 15, and Matlack v. Ins. Co., 180 Pa. St. 360, 386. We therefore find no error in the trial court in the instruction complained of since it announced the law as we have herein written it.

It is not necessary to consider whether defendant made a formal assessment against plaintiff. The judgment will be affirmed. All concur.