## ILLINOIS BANKERS' LIFE ASS'N OF MONMOUTH, ILL., et al. v. TALLEY.

### No. 7042.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1933.

Rehearing Denied Jan. 26, 1934.

Hamp P. Abney, of Sherman, Tex., for appellants.

Spearman Webb and Jot Horton, both of Sherman, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment allowing a recovery of $8,080 against appellants on two policies of life insurance. Error is assigned to the refusal of the court to direct a verdict for defendants at the close of the evidence. Other errors are assigned, but the issues may be fully considered under this assignment.

The amount of the judgment is not questioned, if appellee is entitled to recover. There is no dispute as to the material facts, which are these:

On July 10, 1913, the Illinois Bankers' Life Association issued two policies of life insurance to Thomas F. Scoggins, in which his wife was named as beneficiary. Each policy was in the sum of $3,000, with the following provision as to payment for disability: "If the assured be permanently and totally disabled the result of accident or disease, one half of this policy shall be paid on due proof thereof and the remainder shall be paid at death."

The insurer had been admitted to do business in the state of Texas, and the policies were delivered there. After this the business of the insurer was taken over by the Illinois Bankers' Life Assurance Company, a different corporation, which became reinsurer and assumed the risk. This company was also admitted to do business in Texas. Scoggins died on February 10, 1932. He was totally and permanently disabled from sickness on June 28, 1931, and said condition had existed for at least six months prior thereto. His wife, the beneficiary, died before Scoggins, and no change of beneficiary was made in the policies. The insurers were mutual companies, and premiums were collected on the assessment plan. On January 3, 1931, Scoggins remitted to the company $55.84, which paid the premiums on the policies up to July 1, 1931. No further premium payments were ever made, and soon after July 1, 1931, the insurance companies declared the policies lapsed for nonpayment of assessments. Scoggins gave no notice to the insurance companies that he was totally and permanently disabled as the result of accident or disease, and furnished no evidence of that condition at all. Appellee, S. L. Talley, was appointed administrator of Scoggins' estate, and gave notice of his claim under the policies on Feb-

ruary 23, 1932, claiming payment under the disability provision of the policy above quoted and also for death, and requested blanks upon which to make proof. The insurance companies denied liability and declined to furnish blanks for proof of loss. The by-laws of the company provided that, in the event of a claim under the policy, by reason of death or total and permanent disability, satisfactory proofs should be furnished upon blanks provided by the association within 90 days of death of the member or the happening of the total and permanent disability; and that the claim should be forfeited by failure to furnish the proofs within the time and in the manner provided. The policy recited that the charter and by-laws of the association were made a part of the contract, but neither was set out in full in the policy nor in the application for insurance.

The suit was brought on the theory that Scoggins became totally and permanently disabled before the policy had lapsed for nonpayment of premiums and was entitled to be paid one-half of the face value of the policies at that time; that the insurance company was indebted to the insured in an amount exceeding all premiums that would have been due before his death; and that therefore the payment of additional premiums was not required.

It is apparent that, on the face of the policy, the case does not fall under the ruling in Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, as the giving of notice and the furnishing of satisfactory proof of disability, while the policies were kept in force by the payment of premiums, are not made conditions precedent to the fixing of liability. Under the provisions of the policies, liability was fixed when the event of disability occurred if the policies were in force. The provisions of the by-laws, if given full effect, relate only to proof of claim, a condition subsequent, and do not amend the policy in this respect. However, we do not think the by-laws have any effect at all. The policies were governed by the law of Texas, which provides that every policy of life insurance, delivered within the state, by a life insurance company doing business within the state, shall contain the entire contract between the parties. Rev. Civil Statutes, 1925, art. 5050, Acts 1909, c. 108, p. 192. As the by-laws were not incorporated in the policies except by reference, they formed no part of the contract. International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.(2d) 282; Mass. Bonding & Ins. Co. v. Richardson (Tex. Civ.

App.) 27 S.W.(2d) 921; First Texas Prudential Ins. Co. v. Pedigo (Tex. Civ. App.) 31 S.W.(2d) 854. Proof of death was offered within the 90 days allowed by the by-laws and liability was denied. It is elementary that denial of liability waives proof of death on a policy of life insurance.

The record presents no reversible error.

Affirmed.