## HOUSTON BANK & TRUST CO. et al. v. GREAT SOUTHERN LIFE INS. CO. et al.

### No. 12178.

Court of Civil Appeals of Texas. Galveston.

July 13, 1950.

Rehearing Denied July 29, 1950.

———◆———

Leon Jaworski, Chas. W. Bell, Austin Wilson, all of Houston, and Fulbright, Crooker, Freeman & Bates, of Houston, of counsel, for Houston Bank & Trust Co.

Vinson, Elkins & Weems and R. Richard Roberts, all of Houston, for Great Southern Life Ins. Co.

Lawler & Childress and Virgil, Childress, all of Houston, for Texas Bankers Assn.

Price Daniel, Atty. Gen., of Texas, David B. Irons, Administrative Asst. Atty. Gen., and Ned McDaniel and E. Jacobson, Asst. Attys. Gen., for Board of Ins. Com'rs of Texas.

Zollie C. Steakley, Austin, and Smith, Rotsch & Steakley, Austin, of counsel, for amicus curiæ Texas Ass'n of Life Underwriters.

MONTEITH, Chief Justice.

This action was brought by Houston Bank & Trust Company, as Trustee, to secure a judicial determination as to whether the insurance features of a retirement plan or system which had been adopted by the members of the Texas Bankers Association were violative of Article 4764a, Vernon's Annotated Civil Statutes, known as the Group Insurance Law or any of the insurance statutes of the State of Texas. The question presented has not, so far as we have been advised, been the subject of judicial inquiry by the courts of this State. While the Texas Courts have not spoken precisely on the questions presented in this appeal except by analogy, insofar as we have been able to ascertain, there are cases which are, we think, in point from other jurisdictions which determine the proper rule to be followed.

In a trial before the court judgment was rendered that insurance policies issued to the employees of participating banks hav-

ing less than 25 employees under said retirement system violated said Article 4764a, but that the other provisions of the retirement system were legal and valid. The court held that Article 4764a was constitutional.

In the interest of brevity the Houston Bank & Trust Company will be referred to in this opinion as "Trustee"; the Texas Bankers Association will be referred to as "Bankers Association"; Great Southern Life Insurance Company will be referred to as "Great Southern"; the Board of Insurance Commissioners of Texas will be referred to as "The Board"; and the Texas Bankers Association Retirement Pension System will be referred to as "The Retirement System".

The facts in the record material to the appeal are undisputed. The "Retirement System" under consideration was adopted by the Bankers Association to provide a retirement pension system for the employees of its member banks, many of which had less than 25 employees. Under Article 4764a banks with less than 25 employees were not eligible for the purchase of a group insurance policy and the Bankers Association sought to adopt a system under which any member bank might participate in the benefits of the system after it had contributed to a trustee selected by the Association a sufficient amount to provide a pension fund for the employees in their old age and to purchase a policy of life insurance for each employee retired. The plan provided that the trustee to be designated should be co-owner of the insurance policies to be issued, which would be held by the trustee as part of the assets of the trust account accruing to the benefit of the individual employee.

The Bankers Association selected Houston Bank & Trust Company to act as such trustee and, after receiving offers from other life insurance companies, Great Southern was selected to write the insurance policies on the lives of the employees of member banks under the Association's retirement plan. Great Southern issued its policies of insurance on the lives of the employees of the participating banks under its agreement with the Bankers Association until it received an official notification from the Board of Insurance Commissioners of Texas ordering it to discontinue the issuance of said policies of insurance for the reason that the insurance features of the retirement plan violated said Article 4764a and other insurance statutes of the State of Texas. After receiving this notification, Great Southern declined to issue further insurance policies under the retirement system.

Appellants contend, and we think their contention is borne out by the record, that said Article 4764a has no application to the individual insurance policies issued by Great Southern to employees of participating banks in the retirement system for the reason that each of the insurance policies issued by Great Southern under said system satisfied all requirements of Articles 4732 and 4733 of the Revised Statutes, Vernon's Ann.Civ.St. arts. 4732, 4733, which regulate the form and content of individual life insurance policies; that each of the insurance policies issued were individual ordinary life insurance policies and that each policy issued constituted the entire contract between Great Southern, the insurer, and the individual insured; that each policy issued is wholly independent of and unrelated to any other policy issued under the system and that no policy or contract of insurance issued insured more than the one person named in the policy.

The statutes of this State governing and regulating life insurance, Title 78, chapter 3, Revised Civil Statutes of 1925, as amended, Vernon's Ann.Civ.St. art. 4716 et seq., provide for and regulate the type of life insurance contracts which may be issued in this State. Articles 4732 and 4733 are general statutes which specify certain required policy provisions and prohibit others and are applicable to all policies of life insurance. Article 4732 provides in detail what each type of insurance policy must contain. Article 4764a deals with group insurance. It lists certain permitted groups specifying required policy provisions and prohibits all other policies of group insurance. Article 4764b deals with indus-

trial insurance, which is not involved in this appeal. A copy of the material parts of said Article 4764a is attached to this opinion as an exhibit.

■ While the Legislature in enacting said Article 4764a failed to define the term "group insurance policy" and other similar terms, it is, we think, fundamental that the essential characteristic of the term "group insurance policy" is that the policy must be a contract of insurance covering and insuring more than one person.

In the case of Adkins v. Aetna Life Insurance Company, 43 S.E.2d 372, 379, the Supreme Court of Appeals of West Virginia, quoting with approval from 44 C.J.S., Insurance, § 15, said: "Group insurance may be characterized as the coverage of a number of individual persons by one comprehensive policy of insurance."

■ In the case of Illinois Bankers Life Association of Monmouth, Ill. v. Talley, 68 F.2d 4, 5, the Court of Appeals for the Fifth Circuit said: " * * * The policies were governed by the law of Texas, which provides that every policy of life insurance, delivered within the state, by a life insurance company doing business within the state, shall contain the entire contract between the parties. Rev.Civil Statutes, 1925, Article 5050."

It is undisputed in the record that each of the policies of insurance involved in this appeal constitutes the entire contract between the Great Southern, the insurer, and the single individual insured and that each particular policy sets out each right and each liability of both parties, so that their legal relations are determinable solely by that policy. It follows, we think, that no such policy can possibly constitute a contract of group insurance, since it insures only one person.

It follows, we think, that, since none of the policies of insurance issued under the provisions of the Texas Bankers Association retirement system included either a policy or a contract of insurance covering a group or more than one person, the judgment of the trial court holding that the provisions of said Article 4764a are applicable to the policies of insurance issued under said retirement system must be reversed and that judgment be here rendered that the provisions of said Article 4764a do not affect or apply to the insurance policies contemplated under the Bankers Association retirement system.

Art. 4764a. "Group life insurance; standard provisions

"Group Life Insurance Definition

"Section 1. No policy of group life insurance shall be delivered in this State unless it conforms to one of the following descriptions:

"(1) A policy issued to an employer, or to the trustees of a fund established by an employer, which employer or trustees shall be deemed the policyholder, to insure employees of the employer for the benefit of persons other than the employer, subject to the following requirements:

"(a) The employees eligible for insurance under the policy shall be all of the employees of the employer, or all of any class or classes thereof determined by conditions pertaining to their employment. The policy may provide that the term "employees" shall include the employees of one or more subsidiary corporations, and the employees, individual proprietors, and partners of one or more affiliated corporations, proprietors or partnerships if the business of the employer and of such affiliated corporations, proprietors or partnerships is under common control through stock ownership, contract, or otherwise. The policy may provide that the term "employees" shall include the individual proprietor or partners if the employer is an individual proprietor or a partnership. The policy may provide that the term "employees" shall include retired employees.

"(b) The premium for the policy shall be paid by the policyholder, either wholly from the employer's fund or funds contributed by him, or partly from such funds and partly from funds contributed by the insured employees. No policy may be issued on which the entire premium is to be derived from funds contributed by the insured employees. A policy on which part of the premium is to be derived from

funds contributed by the insured employees may be placed in force only if at least seventy-five per cent (75%) of the then eligible employees, excluding any as to whom evidence of individual insurability is not satisfactory to the insurer, elect to make the required contributions. A policy on which no part of the premium is to be derived from funds contributed by the insured employees must insure all eligible employees, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer.

"(c) The policy must cover at least twenty-five (25) employees at date of issue.

"(d) The amounts of insurance under the policy must be based upon some plan precluding individual selection either by the employees or by the employer or trustees. No policy may be issued which provides insurance on any employee which together with any other insurance under any group life insurance policies issued to the employer or to the trustees of a fund established by the employer exceeds Twenty Thousand Dollars ($20,000).

"(2) * * *

"(3) * * *

"(a) The employees eligible for insurance under the policy shall be all of the employees of the employer or all of any class or classes thereof determined by conditions pertaining to their employment.

"(b) The premium for the policy shall be paid by the policyholder wholly from funds contributed by the insured employees; provided, however, that any moneys or credits received by or allowed to the policyholder pursuant to any participation agreement contained in or issued in connection with the policy shall be applied to the payment of future premiums and to the pro rata abatement of the insured employees' contributions therefor; and provided further, that the employer may deduct from the employees' salaries the required contributions for the premiums when authorized in writing by the respective employees so to do. Such policy may be placed in force only if at least seventy-five per cent (75%) of the eligible employees, excluding any as to whom evidence of individual in-

surability is not satisfactory to the insurer, elect to make the required premium contributions and become insured thereunder.

"(c) The policy must cover at least twenty-five (25) employees at date of issue.

"(d) The amounts of insurance under the policy must be based on some plan precluding individual selection either by the employees or by the policyholder.

"(4) A policy issued to a creditor, who shall be deemed the policyholder, to insure debtors of the creditor, subject to the following requirements:

"(a) The debtors eligible for insurance under the policy shall be all members of a group of persons numbering not less than fifty (50) at all times, who became borrowers from one financial institution, or who become purchasers of securities, merchandise or other property from one vendor under agreement to repay the sum borrowed or to pay the balance of the price of the securities, merchandise or other property purchased to the extent of their respective indebtedness to said financial institution or vendor, but not to exceed Ten Thousand Dollars ($10,000) on any one life.

"(b) The premium for the policy shall be paid by the policyholder, either from the creditor's funds or from charges collected from the insured debtors, or both.

$\qquad$ * * * * * *

"(d) The insurance shall be payable to the policyholder. Such payment shall reduce or extinguish the unpaid indebtedness of the debtor to the extent of such payment.

"Group Life Insurance Standard Provisions

"Sec. 2. No policy of group life insurance shall be issued or delivered in this State unless and until a copy of the form thereof has been filed with the Board of Insurance Commissioners of the State of Texas and formally approved by such Board, nor shall any policy of group life insurance be delivered in this State unless it contains in substance the following provisions, or provisions which in the opinion of the Commissioner are more favorable to the persons insured, or at least as favor-

able to the persons insured and more favorable to the policyholder, provided, however, (a) that provisions (6) to (10) inclusive shall not apply to policies issued to a creditor to insure debtors of such creditors; (b) that the standard provisions required for individual life insurance policies shall not apply to group life insurance policies; and (c) that if the group life insurance policy is on a plan of insurance other than the term plan, it shall contain a nonforfeiture provision or provisions which in the opinion of the Commissioner is or are equitable to the insured persons and to the policyholder, but nothing herein shall be construed to require that group life insurance policies contain the same non-forfeiture provisions as are required for individual life insurance policies:

\*      \*      \*      \*      \*      \*

"(8)  \*  \*  \*

\*      \*      \*      \*      \*      \*

"(c) The premium on the individual policy shall be at the insurer's then customary rate applicable to the form and amount of the individual policy, to the class of risk to which such person then belongs, and to his age attained on the effective date of the individual policy."