

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 20, 2005

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. GA-0327

Re: Whether a county's self-funded medical insurance plan is subject to certain provisions of the Texas Insurance Code   (RQ-0296-GA)

Dear Mr. Stafford:

Of the several you pose,[1] your primary question is "[w]hether a self-funded benefits plan established by a county commissioners court pursuant to section 157.101 of the Local Government Code is subject to the provisions of the Insurance Code because it is a 'health benefits plan,' a 'health benefits plan issuer,' or otherwise." Harris County Brief, *supra* note 1, at 1. You inform us that Harris County ("County") no longer procures medical insurance for county employees by contracting with traditional insurance companies. *See* Request Letter, *supra* note 1, at 1. Instead, the County, pursuant to section 157.101 of the Local Government Code, provides medical benefits to county employees through a self-funded plan, the Harris County Employee Health Benefits Plan ("Plan"), which is administered by Aetna Life Insurance Company as a third-party administrator. *See id.*; *see also* Harris County Brief, *supra* note 1, at 1.

Your remaining questions relate to specific provisions of the Insurance Code that you assert apply if the Plan is a "health benefit plan" or the County is a "health benefit plan issuer." In the event we determine that the Plan is not a health benefit plan and the County is not a health benefit plan issuer, you ask whether certain Insurance Code provisions would otherwise apply to the Plan. Specifically, you inquire:

> Whether provisions of the Texas Insurance Code, which require an insurance company to provide medical benefits to dependents of a covered person when the dependent is younger than 25 years of age, also apply to the self-funded County Plan.

> Whether [the] Commissioners Court may amend the self-funded County Plan to require that children, including natural and adopted children, stepchildren, and

---

[1] *See* Letter and attached Brief from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Texas Attorney General (Nov. 15, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter and Harris County Brief, respectively].

grandchildren, who are 19 years of age or older be enrolled as full-time students at an educational institution in order to be covered under the self-funded County Plan.

Whether the self-funded County Plan must provide coverage for grandchildren who are not tax dependents of a covered County employee or retiree and, if so, whether the self-funded County Plan can end coverage before age 25, set a different premium for grandchildren than for children, and require that grandchildren be enrolled in an educational institution.

Whether the self-funded County Plan must provide coverage for stepchildren and/or grandchildren who do not live in the home of a covered County employee or retiree, and whether the self-funded County Plan may require a different premium for such stepchildren and/or grandchildren than for the natural or adopted children of a covered County employee or retiree.

Harris County Brief, *supra* note 1, at 1.

You inform us that the Plan originally began on March 1, 2004 and that the new Plan year commenced on March 1, 2005. *See* Request Letter, *supra* note 1, at 1. In 2003, the legislature repealed many of the insurance provisions contained in the Revised Civil Statutes (hereinafter "civil statutes"), *see* Act of May 30, 2003, 78th Leg., R.S., ch. 1274, § 26, 2003 Tex. Gen. Laws 3611, 4138, and enacted additional titles to the codified Insurance Code. *See* TEX. INS. CODE ANN. § 30.001(a) (Vernon Pamphlet 2004-05) ("This title and Titles 3, 5, 6, 7, 8, 9, 11 and 13 are enacted as part of the state's continuing statutory revision program . . . . The program contemplates . . . revision of the state's general and permanent statute law without substantive change."). The nonsubstantive codification of the Texas Insurance Code became effective April 1, 2005, one month after the new Plan year began. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 1274, § 28, 2003 Tex. Gen. Laws 3611, 4139 ("This Act takes effect April 1, 2005."). Thus, the civil statutes apply to the current Plan year that commenced on March 1, 2005. Because the codified Insurance Code did not become effective until April 1, 2005, a date after the commencement of the new Plan year, the codified Insurance Code does not apply to the Plan until its next renewal date, *see* TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005) ("A statute is presumed to be prospective in its operation unless expressly made retrospective."), which we assume from information provided in your letter to be March 1, 2006. However, because any future amendments to the Plan in the current Plan year will occur under the codified Insurance Code (hereinafter, "Insurance Code"), as will subsequent plans and plan amendments, you ask about and our opinion analyzes the Insurance Code; not the civil statutes.[2] In addition, although the recent codification is intended to be nonsubstantive, we must be mindful of the principle set forth in the Texas Supreme Court opinion *Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278 (Tex. 1999), that when "specific provisions of a 'nonsubstantive' codification and the code as a whole are direct, unambiguous, and cannot be reconciled with prior law, the codification rather than the prior, repealed statute must be given effect." *Fleming Foods*, 6 S.W.3d at 286.

---

[2]You do not ask and we do not address whether the Plan complies with the civil statutes.

## I.     Insurance Principles

### A.     Self-Funded Insurance

You inform us that the Plan is self funded. *See* Request Letter, *supra* note 1, at 1. In order to properly address your questions, a general discussion of insurance and self-funded insurance is warranted. The word insurance has "comprehensive and varied" meanings, *see Southwest Nat'l Bank v. Employers' Indem. Corp.*, 12 S.W.2d 189, 191 (Tex. Comm'n App. 1929, judgm't adopted), but at a very basic level "[i]nsurance is a contract by which one party for consideration assumes particular risks on behalf of another party and promises to pay him a certain or ascertainable sum of money on the occurrence of a specified contingency." *See Stewart Title Guar. Co. v. Cheatham*, 764 S.W.2d 315, 318-19 (Tex. App.–Texarkana 1988, writ denied). The shifting or distribution of risk is a requisite of a true insurance contract. *See Group Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 211 (1979); *Steere Tank Lines, Inc. v. United States*, 577 F.2d 279, 280 (5th Cir. 1978).

An entity that self insures does not shift any risk, but instead retains the risk of loss. *See Hertz Corp. v. Robineau*, 6 S.W.3d 332, 335-36 (Tex. App.–Austin 1999, no pet.). Because it does not shift risk, self-funded insurance does not constitute insurance. *See Helvering v. Le Gierse*, 312 U.S. 531, 539 (1941) (stating elements of risk-shifting and risk-distribution are essential elements of insurance); *Steere Tank Lines, Inc.*, 577 F.2d at 280. An entity that self insures in order to protect itself against loss will usually set aside funds to provide a pool of funds from which claims will be paid. *See generally Health Ins. Ass'n of Am., Inc. v. Shalala*, 23 F.3d 412, 414-15 (D.C. Cir. 1994). Where a self-funding entity contracts with a third party as an administrator but retains the risk, such an entity is still considered self funded. *See Longoria v. Cearley*, 796 F. Supp. 997, 1002-03 (W.D. Tex. 1992). The question, considering substance over form, "whether a plan is self-funded or insured is very fact specific." *Id.* at 1003. Because fact determinations are not appropriate for the opinion process, *see* Tex. Att'y Gen. Op. Nos. GA-0139 (2004) at 3, 5, GA-0003 (2002) at 1, JC-0328 (2000) at 4, we rely on your characterization of the Plan as self funded.

### B.     ERISA

We must consider the applicability of ERISA, the federal Employee Retirement Income Security Act of 1974 which regulates employee pension and benefit plans, because a self-funded benefit plan is involved. *See* Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001-1461 (2000). ERISA generally preempts state laws relating to employee benefit plans, *see* 29 U.S.C. § 1144, including self-funded health insurance plans. *See FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990) (holding that ERISA preempts state antisubrogation laws relating to self-funded health plans). However, ERISA expressly excludes an employee benefit plan from its preemption scheme if a plan is a government plan. *See* 29 U.S.C. § 1003(b)(1) (2000). A government plan means a "plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof." *Id.* § 1002(32). Thus, the Plan is expressly excluded from ERISA because it is a government plan.

## II.    Health Benefit Plan or Health Benefit Plan Issuer

Your primary question stems from section 1501.002 of the Insurance Code. Chapter 1501 of the Insurance Code is the state's "Health Insurance Portability and Availability Act." TEX. INS. CODE ANN. § 1501.001 (Vernon Pamphlet 2004-05). It applies to health benefit plans offered to small and large employers by health benefit plan issuers. *See id.* §§ 1501.003-.004. For small and large employer benefit plans, chapter 1501 directs the provision of coverage. *See id.* §§ 1501.101-.111. Chapter 1501 mandates the issue of, and sets the parameters for, small employer health benefit plans to small employers. *See id.* § 1501.151(a). It establishes small health benefit plan guidelines for premiums, *see id.* §§ 1501.201-.215, reinsurance, *see id.* §§ 1501.301-.326, and marketing. *See id.* §§ 1501.351-.358. Chapter 1501 also establishes participation criteria, coverage requirements, premium rates and marketing requirements pertaining to large employer benefit plans. *See id.* §§ 1501.601-.616. Specifically, you are concerned about the definitions of the terms "health benefit plan" and "health benefit plan issuer" and whether they include self-funded plans so that the Plan is within the scope of chapter 1501. *See* Harris County Brief, *supra* note 1, at 1. You ask "[w]hether a self-funded benefits plan established by a county commissioners court pursuant to section 157.101 of the Local Government Code is subject to the provisions of the Insurance Code because it is a 'health benefit plan,' [or] 'health benefit plan issuer.'" *Id.*

### A.    Health Benefit Plan

A "health benefit plan" means a "group, blanket, or franchise insurance policy, a certificate issued under a group policy, a group hospital service contract, or a group subscriber contract or evidence of coverage issued by a health maintenance organization that provides benefits for health care services." TEX. INS. CODE ANN. § 1501.002(5) (Vernon Pamphlet 2004-05). The definition includes an extensive list of types of coverages that are not considered health benefit plans. *See id.* § 1501.002(5)(A)-(R). A county's self-funded plan authorized under Local Government Code section 157.101 is not included among them. *See id.*

We examine the enumerated policy types and organizations in the definition to see if the Plan is a "health benefit plan." First, a group insurance policy involves coverage of associations, labor unions or organizations of labor unions, membership corporations pursuant to the Texas Non-Profit Corporation Act, cooperatives or corporations under the control of the Farm Credit Administration. *See id.* §§ 1251.001(2), 1251.051-.056. Blanket insurance policies involve large groups of people such as passengers of common carriers; renters from vehicle leasing companies; students, teachers and employees of educational institutions; and participants at religious, charitable, recreational, educational or civic organizations. *See id.* §§ 1251.001(1), 1251.351-.359. A franchise insurance policy is an "individual health benefit plan under which a number of individual policies are offered to a selected group." 28 TEX. ADMIN. CODE § 3.601(c)(3) (2004). Under these definitions, the Plan is not a group insurance policy, a blanket insurance policy, or a franchise insurance policy.

Second, a certificate issued under a group policy relates to a group policy. The Insurance Code does not define the term "group policy," but a court of appeals has characterized a group policy as a "contract of insurance covering and insuring more than one person." *Houston Bank & Trust Co.*

*v. Great S. Life Ins. Co.*, 232 S.W.2d 163, 165 (Tex. Civ. App.–Galveston 1950), *reversed on other grounds*, 239 S.W.2d 803 (Tex. 1951). A group policy has also been defined as a "contract of insurance between the employer and the insurer, but for the benefit of the insured employees." 44 AM. JUR. 2D *Insurance* § 1828 (2003) (citing *Magee v. Equitable Life Assur. Soc'y of U.S.*, 244 N.W. 518, 520-21 (N.D. 1932)). By either definition, a group policy involves a contract that shifts risk. Because the Plan is self funded and does not shift risk by contract or any other means, the Plan is not a group policy.

Third, a group hospital and service contract involves a contract with a "group hospital service corporation," which is a "corporation organized . . . to establish and operate a nonprofit hospital service plan, under which hospital care may be provided by the corporation through one or more hospitals . . . with which the corporation has contracted for the provision of that care." TEX. INS. CODE ANN. § 842.001(1) (Vernon Pamphlet 2004-05). You inform us that the Plan is not a group hospital service corporation. *See* Harris County Brief, *supra* note 1, at 3.

Fourth, and finally, a group subscriber contract or evidence of coverage issued by a health maintenance organization pertains to health maintenance organizations which are defined singularly as a "person who arranges for or provides to enrollees on a prepaid basis a health care plan, a limited health care service plan, or a single health care service plan." TEX. INS. CODE ANN. § 843.002(14) (Vernon Pamphlet 2004-05). Health care plans, limited health care service plans, and single health care service plans all involve prepaid services, *see id.* § 843.002(12), (17), (26), and thereby do not include the Plan.

We received briefing from the Texas Department of Insurance ("TDI") that summarized the definition of "health benefit plan" as pertaining to "contracts of coverage issued by insurers and HMOs."[3] Moreover, you inform us that the Plan "is not an insurance policy, not a group hospital service contract, and not a group subscriber contract or evidence of coverage." Harris County Brief, *supra* note 1, at 3. We do not believe that the Plan as you have described it falls within these enumerated entities and policy types. Therefore we conclude, based on your characterization of the Plan and the language of the definition of "health benefit plan," that the Plan is not a health benefit plan.

We note that in the former civil statutes the term "health benefit plan" was defined differently in different articles.[4] In the Insurance Code, at least with respect to chapter 1501, the term "health benefit plan" is defined only once in a definition section that applies to all provisions in chapter 1501. *See* TEX. INS. CODE ANN. § 1501.002(5) (Vernon Pamphlet 2004-05). While we do not

---

[3]Brief from Sara Shiplet Waitt, Senior Associate Commissioner, Legal and Compliance Division, Texas Department of Insurance, to Nancy S. Fuller, Chair, Opinion Committee (Jan. 18, 2005) (on file with Opinion Committee [hereinafter TDI Brief].

[4]*Compare* Act of May 29, 1993, 73d Leg., R.S., ch. 607, § 2, art. 21.52C, 1993 Tex. Gen. Laws 2300, 2320, *with* Act of May 24, 1997, 75th Leg., R.S., ch. 845, § 1, art. 21.24-2, 1997 Tex. Gen. Laws 2716, *and* Act of May 26, 2001, 77th Leg., R.S., ch. 1266, § 1, art. 21.24-3, 2001 Tex. Gen. Laws 3028, *all repealed by* Act of May 30, 2003, 78th Leg., R.S., ch. 1274, § 26, 2003 Tex. Gen. Laws 3611, 4138.

examine here whether the definition in section 1501.002(5) substantially differs from the definitions in the former civil statutes, to the extent that there is a difference and that the Insurance Code definition is unambiguous, the *Fleming Foods* opinion would require that the version in the Insurance Code be given effect. *See Fleming Foods*, 6 S.W.3d at 286.

### B.    Health Benefit Plan Issuer

Section 1501.002(6) defines a "health benefit plan issuer" as "an entity authorized under this code *or another insurance law of this state* that provides health insurance or health benefits in this state." TEX. INS. CODE ANN. § 1501.002(6) (Vernon Pamphlet 2004-05) (emphasis added). The inquiry at the heart of your primary question is whether section 157.101 of the Local Government Code is "another insurance law of this state" as contemplated by section 1501.002(6) of the Insurance Code.

To determine whether section 157.101 is "another insurance law of this state" under section 1501.002(6), the language of section 1501.002(6) and section 157.101 must be examined. The cardinal rule of statutory construction is to ascertain the legislature's intent and to give effect to that intent. *See Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). The starting point in any statutory construction analysis is the plain language of the statute in question. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex. 1990). We look to the literal text of the statute and apply the plain meaning of its words, unless the plain meaning would lead to absurd consequences that the legislature could not possibly have intended or if the literal language is ambiguous. *See Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991).

Pursuant to these principles, we begin with the language of section 1501.002(6), which defines a health benefit plan issuer as:

> an entity authorized under this code or *another insurance law of this state* that provides health insurance or health benefits in this state, including:
>
> (A)   an insurance company;
>
> (B)   a group hospital service corporation operating under Chapter 842;
>
> (C)   a health maintenance organization operating under Chapter 843; and
>
> (D)   a stipulated premium company operating under Chapter 884.

TEX. INS. CODE ANN. § 1501.002(6) (Vernon 2004-05) (emphasis added). Our first observation is that the word insurance modifies the word law. To give the term insurance effect so that it not be rendered meaningless or surplusage, we read the phrase to be more narrow than if the statute read "another law of this state." *See Borden, Inc. v. Sharp*, 888 S.W.2d 614, 619-20 (Tex. App.–Austin 1994, writ denied) ("We must give effect to all the words of a statute and may not treat any statutory language as surplusage."). Thus, "insurance law" must refer to that subset of law that pertains only to insurance. Because we understand the phrase "this code" to mean the Insurance Code, logic

dictates that "another insurance law" must refer to law pertaining to insurance that is outside the Insurance Code. Therefore, to answer your question, we must next determine whether section 157.101 is a law pertaining to insurance.

Section 157.101 is located in the Local Government Code and authorizes county commissioners courts to provide specified benefits to county employees. Looking at chapter 157 as a whole, *see Citizens Bank of Bryan v. First State Bank, Hearne*, 580 S.W.2d 344, 347 (Tex. 1979) ("The legislative intent is to be determined from the entire statute . . . ."), we see that it contains other grants of authority to county commissioners courts. Section 157.001 authorizes a commissioners court to provide hospitalization insurance to county employees. *See* TEX. LOC. GOV'T CODE ANN. § 157.001 (Vernon 1999). Section 157.004 authorizes the commissioners court of certain counties to provide disability insurance. *See id.* § 157.004(a). Commissioners courts in certain counties are authorized by section 157.021 to establish the work hours for employees. *See id.* § 157.021(a)-(b). Procurement of general liability insurance by a commissioners court is authorized in section 157.041. *See id.* § 157.041 (Vernon Supp. 2004-05). Additionally, chapter 157 authorizes a commissioners court of certain counties to provide child care services for its employees. *See id.* § 157.062 (Vernon 1999). Chapter 157 also authorizes commissioners courts to establish a program whereby county employees may pool sick leave. *See id.* § 157.072. While many of the grants of authority in chapter 157 relate to insurance, we do not think chapter 157 in general, and section 157.101 in particular, is a law pertaining to insurance. Instead, we think the provisions of chapter 157 are designed to serve as express authorization by the legislature to counties to allow them to provide for additional benefits to county employees. It is well established that counties, as creatures of statute, have only those powers expressly granted them by the legislature. *See Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). We believe section 157.101, along with the rest of chapter 157, merely serves as express legislative authorization under this principle and is not another insurance law of this state. Accordingly, we conclude that the County is not a health benefit plan issuer.

Thus, to answer your first question, because we have concluded that the Plan is not a health benefit plan and the County is not a health benefit plan issuer, as those terms are defined by chapter 1501, the Plan is generally not subject to chapter 1501.

## III.     Otherwise Subject to the Insurance Code

Recognizing that some provisions of the Insurance Code might apply irrespective of our determination as to the terms health benefit plan and health benefit plan issuer, you also inquire if the Plan is otherwise subject to specific provisions of the Insurance Code. *See* Harris County Brief, *supra* note 1, at 1, 4-7. There are instances where the legislature has "expressly made provisions of the Insurance Code applicable to self-funded plans." Tex. Att'y Gen. Op. No. DM-276 (1993) at 2. Therefore, we examine the specific Insurance Code provisions about which you inquire to determine whether they otherwise apply to the Plan.

### A.     Coverage of Children Younger than 25 Years of Age

You inquire "[w]hether provisions of the Texas Insurance Code, which require an insurance company to provide medical benefits to dependents of a covered person when the

dependent is younger than 25 years of age, also apply to the self-funded County Plan." Harris County Brief, *supra* note 1, at 1. You state that if the Plan is a health benefit plan, then the Plan is also a "large employer health benefit plan"[5] and therefore subject to the provisions in chapter 1501 that are applicable to large employer health benefit plans. *See* Harris County Brief, *supra* note 1, at 4. You bring to our attention Insurance Code section 1501.609, which provides as follows:

> (a) This section applies only if children are eligible for coverage under a *large employer health benefit plan*.

> (b) Any limiting age applicable under a large employer health benefit plan to an unmarried child of an enrollee is 25 years of age.

TEX. INS. CODE ANN. § 1501.609 (Vernon Pamphlet 2004-05) (emphasis added). The definitions of "health benefit plan" and "health benefit plan issuer" apply to the terms as used in chapter 1501, including section 1501.609. *See id.* § 1501.002 (defining terms and stating definitions apply "[i]n this chapter"). By operation of subsection (a), subsection (b) only applies to a large employer health benefit plan. Because we have concluded that the Plan is not a health benefit plan, it cannot be a large employer health benefit plan. *See supra*, note 5. We therefore conclude that the requirement of section 1501.609 that imposes the limiting age of 25 years or younger on benefits provided to children[6] of a covered County employee does not apply to the Plan.[7]

## B.    Requirement of Enrollment in Educational Institution

You next inquire whether the Plan may be amended to "require that children, including natural and adopted children, stepchildren, and grandchildren, who are 19 years of age or older be enrolled as full-time students at an educational institution in order to be covered under" the Plan. Harris County Brief, *supra* note 1, at 1. You specifically question the applicability of chapter 1503 to the Plan. Chapter 1503 pertains to coverage of certain students. *See* TEX. INS. CODE ANN. §§ 1503.001-.003 (Vernon Pamphlet 2004-05). It applies to certain health benefit plans, *see id.* § 1503.001(1), but does not define the term health benefit plan. *See id.* § 1503.001. However, the rules of statutory construction direct that when the "[l]egislature defines a term in one statute and

---

[5]A large employer health benefit plan is a "health benefit plan offered to a large employer." TEX. INS. CODE ANN. § 1501.002(a) (Vernon Pamphlet 2004-05). "A large employer means a person who employed an average of at least 51 eligible employees on business days during the preceding calendar year. The term includes a governmental body . . . ." *Id.* § 1501.002(8). Your letter assumes the County is a large employer and we do not question that assumption.

[6]You use the term dependents in your question; however, section 1501.609 uses the term children. *See id.* § 1501.609.

[7]TDI argues that former civil statutes article 3.70-2(L), which expressly applied to self-funded plans, required a plan, where coverage was provided for a child of an insured, to cover two other classes of dependents, including certain grandchildren under 25 years of age. *See* TDI Brief, *supra* note 3, at 3. This argument is not relevant to this question for three reasons. The County only asks about the codified provisions. More importantly, the Insurance Code provision is unambiguous and so, under *Fleming Foods*, we are not permitted to consider the prior repealed statute. Moreover, former article 3.70-2(L) did not address a limiting age for children.

uses the same term in relation to the same subject matter in a later statute, it will be presumed that the latter use of the term is in the same sense as previously defined." *Brookshire v. Houston Indep. Sch. Dist.*, 508 S.W.2d 675, 677-78 (Tex. Civ. App.–Houston [14th Dist.] 1974, no writ); Tex. Att'y Gen. Op. No. JC-0396 (2001) at 3. The term "health benefit plan" is defined in chapter 1501 and used in the same manner throughout chapters 1501-1504. Therefore, we will use the definition of "health benefit plan" from chapter 1501 as the definition of "health benefit plan" in chapter 1503.

Section 1503.003(a) provides that a "*health benefit plan* may not condition coverage for a child younger than 25 years of age on the child's being enrolled at an educational institution." TEX. INS. CODE ANN. § 1503.003(a) (Vernon Pamphlet 2004-05) (emphasis added). By its express terms, section 1503.003(a) only applies to a health benefit plan. Our previous conclusion that the Plan is not a health benefit plan requires the conclusion here that section 1503.003(a) does not apply to the Plan. Therefore, the provision about which you inquire poses no obstacle to the County's amending the Plan to condition coverage of children over 19 years of age on their enrollment as full-time students at an educational institution.[8]

## C.   Coverage of Certain Grandchildren

You inquire whether the Insurance Code requires a self-funded plan to provide coverage to grandchildren who are not tax dependents of a covered County employee or retiree. *See* Harris County Brief, *supra* note 1, at 1. If we determine that the Insurance Code does require the coverage, you further inquire whether the Plan may, with regard to these grandchildren, end coverage before the age of 25, set a different premium, and require enrollment in an educational institution. *See id.*

To answer your question, we examine section 1201.062 of the Insurance Code, which provides:

(a) An individual or group accident and health insurance policy that is delivered, issued for delivery, or renewed in this state, including a policy issued by a corporation operating under Chapter 842, *or a self-funded or self-insured welfare or benefit plan or program*, to the extent that regulation of the plan or program is not

---

[8]TDI suggests that former civil statutes article 21.24-2, § 2(a)(3) would have required a different result. *See* TDI Brief, *supra* note 3, at 4. TDI argues that the definition of health benefit plan in former article 21.24-2, § 2(a)(3), predecessor to Insurance Code section 1503.001 (concerning applicability of chapter 1503), would have included the Plan. *See* TDI Brief, *supra* note 3, at 4. TDI argues further that the definition in former article 21.24-2, § 2(a)(3) is retained in Insurance Code section 1503.001, *see id.*, so that the Plan is subject to the requirement of section 1503.003. We disagree. Section 1503.001 states that "this chapter [chapter 1503] applies only to a health benefit plan that" falls within an enumerated list of entities. *See* TEX. INS. CODE ANN. § 1503.001 (Vernon Pamphlet 2004-05). As written, section 1503.001 applies only to entities that are: (1) health benefit plans; and (2) one of the enumerated types of entities. *See id.* We have determined that the Plan is not a health benefit plan. Therefore, it does not fall within the first parameter of section 1503.001. Again, because we believe section 1503.001 is unambiguous, to the extent that this construction differs from any construction of former article 21.24-2, § 2(a)(3), we are precluded by *Fleming Foods* from departing from the plain language of section 1503.001.

preempted by federal law, that provides for coverage for a child of an insured or group member, on payment of a premium, must provide coverage for:

(1)  each grandchild of the insured or group member if the grandchild is:

(A)  unmarried;

(B)  younger than 25 years of age; and

(C)  a dependent of the insured or group member for federal income tax purposes at the time application for coverage of the grandchild is made; and

(2)  each child for whom the insured or group member must provide medical support under an order issued under Chapter 154, Family Code, or enforceable by a court in this state.

TEX. INS. CODE ANN. § 1201.062(a) (Vernon Pamphlet 2004-05) (emphasis added).  Section 1201.062 does not use the terms "health benefit plan" or "health benefit plan issuer," but instead applies to individual or group accident and health insurance policies that *include self-funded or self-insured welfare or benefit plans or programs.  See id.*  Here, much as was the case in a previous opinion from this office, the language of the statute expressly includes self-funded or self-insured plans.  *See* Tex. Att'y Gen. Op. No. DM-276 (1993) at 2.  Pursuant to the plain language of section 1201.062, *see Moreno*, 787 S.W.2d at 352 (starting point in any statutory construction analysis is the plain language), we must conclude that, as a self-funded plan, the Plan is subject to section 1201.062 and must provide the coverage it requires.  Accordingly, when the Plan covers the children of covered County employees or retirees, the Plan must provide coverage to unmarried grandchildren, younger than 25[9] years of age, who are dependents of covered County employees or retirees for federal income tax purposes.  Similarly, the Plan must provide coverage for "each child for whom the insured or group member must provide medical support under an order issued under Chapter 154, Family Code, or enforceable by a court in this state."  *See* TEX. INS. CODE ANN. § 1201.062(a)(2) (Vernon Pamphlet 2004-05).  Where the grandchild is not a dependent of the covered County employee or retiree for federal income tax purposes, the Plan is not required to provide coverage.[10] *See id.* § 1201.062(a)(1)(C).  We do not address the remainder of this question, which is conditioned

---

[9]You suggest that such a result is absurd where the Plan is not required to provide coverage for a covered County employee's child up to 25 years of age.  *See* Harris County Brief, *supra* note 1, at 6.  You appear to argue that it would be absurd to require coverage for a grandchild up to 25 years of age, but allow coverage to be denied to a younger child, i.e., a child of 19 or 21 years of age.  The "absurd result" rule of statutory construction requires application of a statute's plain language unless it would lead to absurd consequences that the legislature *could not possibly* have intended.  *See Faulk v. State*, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980).  We cannot say here that coverage of a grandchild in the circumstances envisioned by section 1201.062 is a consequence that could not have possibly been intended by the legislature.  The legislature could have decided that where a grandchild is essentially being raised by the insured instead of the parent who is the child of the insured, coverage must be provided until the grandchild reaches 25 years of age.

[10]TDI reaches the same conclusion.  *See* TDI Brief, *supra* note 3, at 6.

on an affirmative response, because we have determined that the Plan is not required to provide coverage for "grandchildren who are not tax dependents of a covered County employee." Harris County Brief, *supra* note 1, at 1.

### D.      Coverage of Grandchildren and Stepchildren

Last, you inquire:

Whether the self-funded County Plan must provide coverage for stepchildren and/or grandchildren who do not live in the home of a covered County employee or retiree, and whether the self-funded County Plan may require a different premium for such stepchildren and/or grandchildren than for the natural or adopted children of a covered County employee or retiree.

Harris County Brief, *supra* note 1, at 1. You direct us to two sections of chapter 1201 that are pertinent to your query. Section 1201.063 provides that:

Regarding a natural or adopted child of an insured or group member or a child for whom the insured or group member must provide medical support under an order issued under Chapter 154, Family Code, or enforceable by a court in this state, *an individual or group accident and health insurance policy* that provides coverage for a child of an insured or group member may not set a different premium for the child, exclude the child from coverage, or discontinue coverage of the child because:

(1)   the child does not reside with the insured or group member; or

(2)   the insured or group member does not claim the child as an exemption for federal income tax purposes under Section 151(c)(1)(B), Internal Revenue Code of 1986.

TEX. INS. CODE. ANN. § 1201.063 (Vernon Pamphlet 2004-05) (emphasis added). Section 1201.064 requires:

*An individual or group accident and health insurance policy* that provides coverage for a child of an insured or group member may not:

(1)   set a premium for a child that is different from the premium for other children because the child is the natural or adopted child of the spouse of the insured or group member;

(2)   exclude a child described by Subdivision (1) from coverage; or

(3)   discontinue coverage for a child described by Subdivision (1).

*Id.* § 1201.064 (emphasis added).

Both sections apply to individual or group accident and health insurance policies. *See id.* §§ 1201.063, .064. An "accident and health insurance policy" is defined as "any policy or contract that provides insurance against loss resulting from: (A) accidental bodily injury; (B) accidental death; or (C) sickness." *Id.* § 1201.001(1). However, pursuant to section 1201.003, chapter 1201 generally applies only when the individual accident or health insurance policy is delivered or issued for delivery by:

(1) a life, health, and accident insurance company;

(2) a mutual insurance company including, . . . ;

(3) a local mutual aid association;

(4) a mutual or natural premium life or casualty insurance company;

(5) a general casualty company;

(6) a Lloyd's plan;

(7) a reciprocal or interinsurance exchange;

(8) a nonprofit hospital, medical, or dental service corporation, including a corporation operating under chapter 842; or

(9) another insurer required by law to be authorized by the department [of insurance].

*Id.* § 1201.003(b). With regard to sections (1)-(8), the Plan is none of these. Neither is the Plan an "insurer required by law to be authorized by the department" of insurance, *see id.* § 1201.003(b)(9), because, as a self-funded plan, it is not an insurer. *See supra* p. 3; *see also* TDI Brief, *supra* note 3, at 2-3 (stating pursuant to Texas Insurance Code sections 101.055 and 101.051(7), the County is not engaged in the business of insurance). We conclude that the Plan does not generally fall within the scope of chapter 1201. Moreover, the language of sections 1201.063 and 1201.064 does not expressly include a self-funded or self-insured welfare or benefit plan or program.[11] *See* TEX. INS. CODE ANN. §§ 1201.062, .063, .064 (Vernon Pamphlet 2004-05). Therefore, the Plan is not bound by the requirements of sections 1201.063 and 1201.064. Accordingly, unless the grandchild or stepchild is otherwise entitled to coverage under section 1201.062(a),[12] the Plan is not required by

---

[11]Moreover, the predecessor to sections 1201.063 and 1201.064, former article 3.70-2(M) of the civil statutes, did not contain language expressly including self-funded plans.

[12]*See id.* § 1201.062(a)(1)-(2) (mandating coverage for unmarried grandchildren, younger than 25 years of age, who are claimed as a federal income tax dependent by the insured when the insured's child is covered, and for each child for whom the insured is required to provide medical support pursuant to an order under Chapter 154, Family Code).

sections 1201.063 and 1201.064 to provide coverage for stepchildren and grandchildren who do not reside with the covered County employee or retiree.[13]  Similarly, because sections 1201.063 and 1201.064 do not apply to the Plan, the Plan may impose a different premium for such stepchildren and grandchildren.[14]

---

[13]TDI states that marital and tax dependent status is used to determine eligibility for coverage of grandchildren, not residence. *See* TDI Brief, *supra* note 3, at 6. With respect to the coverage of grandchildren, TDI states, we believe correctly, that the residence of grandchildren is irrelevant. *See id.*

Regarding the question of different premiums, TDI argues that former civil statutes article 3.70-2(M) prohibited different premiums for stepchildren. *See id.* We believe former article 3.70-2(M) would not have included self-funded plans, *see supra* note 11, but in any event it is our opinion that sections 1201.063 and 1201.064 are not ambiguous, so under *Fleming Foods* we are precluded from considering former article 3.70-2(M). With regard to different premiums for grandchildren, TDI argues that different premiums are also prohibited by articles 1.02 and 21.21-8, which have not yet been repealed. *See id.* TDI states that article 1.02 applies to "any legal entity engaged in the business of insurance" and that article 21.21-8 applies to "any person engaged in the business of insurance." *Id.* TDI argues that because former article 3.70-2(L) applied to an individual or group policy and included a self-insured or self-funded welfare or benefit plan or program, a self-funded plan is brought within the "ambit of a policy of accident and sickness insurance," and is therefore engaged in the business of insurance and subject to articles 1.02 and 21.21-8. *Id.* Our conclusion that the successor to former article 3.70-2(L) applies to the Plan does not make the Plan an insurer for all purposes. We have already concluded that the successor to former article 3.70-2(L) applies to the Plan. *See supra* pp. 9-11 (discussing section 1201.062). TDI concedes in its brief that the County is not engaged in the business of insurance. *See* TDI Brief, *supra* note 3, at 2-3. Accordingly, the provisions of articles 1.02 and 21.21-8 are not applicable.

[14]Your request does not directly pose the question whether premiums for grandchildren or stepchildren could be set at a level such that coverage is effectively negated in contravention of the mandate of section 1201.062 that coverage be provided to certain grandchildren and stepchildren. Therefore, we do not answer it in this opinion.

## S U M M A R Y

Pursuant to the state's continuing statutory revision program, insurance code provisions of the Revised Civil Statutes recently have been codified into the Texas Insurance Code. Though the revision program is nonsubstantive, the Texas Supreme Court, in *Fleming Foods of Texas, Inc. v. Rylander*, directs that when specific provisions of a nonsubstantive codification are direct, unambiguous, and cannot be reconciled with prior law, the codification rather than the prior law must be given effect. This change from the civil statutes to the Insurance Code is the context in which we answer Harris County's questions.

Harris County's self-funded benefit plan is not a "health benefit plan" as defined by Chapter 1501 of the Texas Insurance Code. Chapter 157 of the Texas Local Government Code, including section 157.101, is not another insurance law of this state as contemplated by Insurance Code section 1501.002(6) but is instead legislative authority for counties to provide health benefits to employees and their dependents. Thus, Harris County is not a health benefit plan issuer under Insurance Code section 1501.002(6).

Because the Harris County Plan is not a health benefit plan and Harris County is not a health benefit plan issuer, the Plan is not subject to the limiting age contained in section 1501.609 of the Insurance Code. Similarly, because the Plan is not a health benefit plan and the County is not a health benefit plan issuer, the provisions of section 1503.003(a), prohibiting the coverage of a covered County employee's child from being conditioned on the child's full-time enrollment at an educational institution, do not apply to the Plan.

Section 1201.062, Insurance Code, expressly applies to self-funded plans like the Harris County Plan. Therefore, the Plan must cover, when it provides coverage for a child of a covered County employee, unmarried grandchildren who are younger than 25 and who are federal income tax dependents of the covered employee. The Plan must also cover children for whom the covered employee must provide medical support under an order issued pursuant to Chapter 154, Texas Family Code.

Because the Harris County Plan is generally not subject to chapter 1201 of the Insurance Code, it is not required by sections 1201.063 and 1201.064 to provide coverage for grandchildren and stepchildren who do not reside with the covered County employee, provided they are not otherwise entitled to coverage under section

1201.062(a)(1) or (2) of the Insurance Code. For the same reasons, the Plan is not prohibited by these provisions from charging different premiums for grandchildren and stepchildren that are not the adopted or natural child of the covered employee.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee